OPINION JUDGMENT ENTRY
{¶ 1} Appellant Glenda Knox appeals the decision of the Court of Common Pleas, Fairfield County, which granted summary judgment in favor of Defendants-Appellees David and Bonnie Clark, her former landlords. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is the mother of Logan Knox, a minor child. In December 1995, appellant's husband, Ken Knox, signed a lease with appellees to rent an apartment at 621 East Main Street in Lancaster, Ohio. The apartment was one-half of a duplex owned by appellees since 1972. In August 1996, appellant and Ken discovered that Logan, then approximately one year old, was suffering from lead poisoning. A report was made to the Ross County General Health District Agency ("the Agency"), which sent a representative to the Knox's apartment to conduct an evaluation on September 11, 1996. The representative, Marsha Beery, issued a report indicating the premises contained unacceptable levels of lead-based tile and paint, some of which was "chipping" or in the form of dust.
 {¶ 3} On April 15, 2002, appellant, as parent and next friend of Logan, filed suit against appellees, alleging Logan had suffered injury due to lead poisoning at the apartment, which was owned by appellees. The complaint alleged negligence, violation of implied and express warranties, and violations of the Ohio Landlord-Tenant Act. On October 29, 2003, following discovery, appellees filed a motion for summary judgment, which the trial court granted in their favor on November 19, 2003.
 {¶ 4} Appellant filed a notice of appeal on December 16, 2003, and herein raises the following two Assignments of Error:
 {¶ 5} "I. The trial court erred to the prejudice of appellant by granting summary judgment to appellees and dismissing appellant's case.
 {¶ 6} "A. There were genuine issues of material fact, which prohibit the granting of summary judgment.
 {¶ 7} "B. The trial court erred in failing to recognize that constructive notice is sufficient to create liability on the part of the appellees for the appellant's damages.
 {¶ 8} "II. The trial court erred to the prejudice of appellant by usurping the authority of the jury to decide questions of fact, which usurpation violated appellant's rights to a jury trial and due process at law guaranteed by Article I, Section 5 of the ohio constitution and appellant's right to due course of law, and due process of law guaranteed by Article I, Section 16 of the Ohio constitution and the Fifth and Fourteenth Amendments to the Constitution of the United States."
 I. {¶ 9} In her First Assignment of Error, appellant argues the trial court erred in granting summary judgment in favor of appellees. We disagree.
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 12} R.C. 5321.04(A)(2) requires a landlord who is a party to a rental agreement to "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." Notice to a landlord that a problem exists in leased property is necessary before liability can be imposed on the landlord, pursuant to R.C. § 5321.04. Shroades v. RentalHomes, Inc. (1981), 68 Ohio St.2d 20. In Shroades, supra at 25-26, the Ohio Supreme Court held: "It must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." We have previously interpreted Shroades to mean either actual or constructive notice is sufficient to constitute "notice" to the landlord. See Straughter Through Gwin v. StarkMetropolitan Housing Authority (June 1, 1992), Stark App. No. CA-8696, citing Winston Properties v. Sanders (1989),57 Ohio App.3d 28, 29, and Rice v. Reid (Apr. 23, 1992), Crawford App. No. 3-91-34.
 {¶ 13} Constructive notice is defined as "that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." Cox v. Estate ofWallace (Dec. 31, 1987), 12th. Dist. No. CA87-06-078. It has further been defined as knowledge of "circumstances which ought to have excited apprehension and inquiry in the mind of a prudent and reasonable [person]." Varwig v. Railroad Co. (1896),54 Ohio St. 455, 468.
 {¶ 14} In the case sub judice, appellant's husband, Ken, signed the lease in December 1995. During the tenancy, Ken was employed as a brick mason's helper, working with mortar products which may have contained lead compounds. See Exhibit 3. When asked at deposition if he specifically remembered chipping paint when the Knox family moved in, Ken recalled, regarding the interior:
 {¶ 15} "No. But I mean like, you know, how like when a cabinet door closes where they painted the cabinets and it's closing, you can see where the paint has rubbed off the edges or it's got a chip off the corner of the cabinet or like a nick here where somebody moved out or something and scratched the woodwork and took off some of the paint or something like that.
 {¶ 16} "But I never actually — as soon as I walked in the place, I didn't walk up and look at the walls and say anything. But I know that there was some scrapes and stuff like that on the woodwork. But overall it was in fairly good condition * * *." Ken Knox Depo. at 88.
 {¶ 17} Ken did not notify appellees of any problems with the paint inside the house prior to Logan's blood test results in the fall of 1996. Id. at 96-97. Although Ken initially sought permission from Appellee Bonnie to paint some of the trim himself, this was for aesthetic purposes, since he did not like the dark brown color of some of the wood trim. Id. at 86. Appellant Glenda likewise made no complaints about the condition of the apartment during her tenancy (Glenda Knox Depo. at 242), and described the apartment as "clean" when they moved in. Id. at 239. She was not aware of the dangers of leaded paint to children until the time Logan was diagnosed. Id. at 247.
 {¶ 18} Appellee David Clark also testified he was not aware of the dangers of leaded paint to children until September 1996, although the Metropolitan Housing Authority had advised landlords in the 1980's to cover lead-based exterior paint with latex paint. David Clark Depo. at 27-28, 30-31. He contended the apartment was kept in good condition over the years, and received paint jobs every six years or so. Id. at 39-40. Appellee Bonnie Clark, although conceding that she, at some time since 1972, had seen paint chips on the inside, nonetheless could not state with certainty when this had occurred. Bonnie Clark Depo. at 20.
 {¶ 19} Additionally, we note there was evidence concerning paint chips on the exterior. In July 1996, appellees decided to remove the blue latex paint that had been added to the outside walls over the years, and add aluminum siding instead. David remembered the exterior was chipping and peeling, leading to the decision to put on siding. However, although the agency's report mentioned a basement door[1] with a lead reading of equal to or greater than 10 mg/cm², no testing was done on the "exterior" paint chips related to the siding job. Instead, Beery's report simply recommended these areas be covered with soil and reseeded, or otherwise covered.
 {¶ 20} We therefore find that summary judgment was proper, as reasonable minds could only conclude that appellees were not on actual or constructive notice of a leaded paint danger at the apartment prior to the agency report of September, 1996, at which time they advised appellant and her family to vacate the premises.
 {¶ 21} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 22} In her Second Assignment of Error, appellant argues the trial court denied her certain constitutional rights in granting summary judgment to appellees. Appellant nonetheless fails to set forth "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," in regard to this issue, as per App.R. 16(A)(7).
 {¶ 23} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, P.J. Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs to appellant.
[1] The report does not state the basement door was chipping.