DECISION AND JOURNAL ENTRY
{¶ 1} Appellant/cross-appellee, Charles Adams, appeals from the judgment of the Summit County Court of Common Pleas finding that he was in violation of the zoning ordinances of appellee/cross-appellant, Springfield Township. This Court affirms in part and reverses in part.
 I. {¶ 2} On August 14, 2002, appellee filed a complaint for declaratory and injunctive relief against appellant. In its complaint, appellee alleged that appellant was in violation of several local zoning ordinances and that the condition of his property constituted a public nuisance. Appellee's complaint stemmed from the observations of Springfield Zoning Inspector Susan Poda. Ms. Poda observed several commercial buses on appellant's property which appeared inoperable. Ms. Poda further noted that the buses were being used for storage.
 {¶ 3} After a protracted discovery dispute, this cause was heard before a magistrate. At the hearing before the magistrate, the testimony of Ms. Poda and appellant was introduced. Additionally, photographs depicting the condition of appellant's property were introduced into evidence. On October 22, 2003, the magistrate issued his decision, finding that appellant had violated the zoning ordinances of Springfield Township and that the condition of his property constituted a public nuisance.
 {¶ 4} Appellant objected to nearly all of the magistrate's factual findings and legal conclusions. On February 2, 2004, the trial court adopted the magistrate's decision. The trial court entered judgment finding that appellant had violated the zoning ordinance. Subsequent to the trial court's decision, appellant filed several motions, including a "motion for clarification," a motion for a new trial, and a motion to stay execution of the judgment. As a result of these motions and appellant's prior conduct, appellee moved the trial court for sanctions. Each of appellant's motions and appellee's motion for sanctions were denied without a hearing. Appellant timely appealed, raising five assignments of error. In addition, appellee cross-appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in allowing the case to go forward (denying appellant's motion for summary judgment) in that the township had (and has) no ordinance of any kind forbidding any act by defendant or the ownership or storage of any vehicle owned by appellant."
 {¶ 5} In his first assignment of error, appellant avers that the trial court erred in finding that he was in violation of local zoning ordinances. This Court disagrees.
 {¶ 6} Springfield Township Zoning Resolution 628(A) provides:
"No person shall park, store or leave, or permit the parking or storing of any unlicensed motor vehicle or any vehicle in a rusted, wrecked, junked, partially dismantled, inoperative, or abandoned conditions (sic), whether attended or not, upon any property within the township unless the same is completely enclosed within a building."
It is undisputed that appellant had five commercial buses on his property. Further, upon inspection, three of these buses could not be started. As such, the trial court did not err in finding that appellant was in violation of Section 628 by parking inoperable vehicles on his property. Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred by allowing the township attorney to go on appellant's property in a `fishing expedition' under the color of `discovery,' to look for facts to support their complaint."
 {¶ 7} In his second assignment of error, appellant argues that the trial court erred when it ordered an inspection of his property. This Court disagrees.
 {¶ 8} With regard to a discovery matter, the proper standard of review is for abuse of discretion. State ex rel. Denton v. Bedinghaus,98 Ohio St.3d 298, 2003-Ohio-861, at ¶ 31. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Civ.R. 26(B)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" In the instant matter, after negotiations with counsel failed, appellee filed a motion to compel with the trial court in order to schedule an inspection of appellant's property. It is undisputed that the condition of appellant's property is the precise subject matter of the complaint filed by appellee. As such, this Court cannot say that the trial court acted in an unreasonable or arbitrary manner in ordering that appellee be permitted to inspect and photograph the property prior to trial. Accordingly, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court unconstitutionally erred in finding (or allowing the magistrate to find) that any historical registration of any vehicle belonging to appellant was not valid."
 {¶ 10} In his third assignment of error, appellant asserts that the trial court erred by invalidating the historic licenses of his buses. This Court finds that appellant's argument lacks merit.
 {¶ 11} In his decision, the magistrate found that appellant had made knowing and intentional false statements to the Bureau of Motor Vehicles when he applied for historic licenses for his buses. The magistrate went on to find that these misstatements placed appellant's credibility in doubt. However, at no time did the magistrate conclude that appellant's licenses were invalid. The issue of the validity of appellant's historic licenses was not before the magistrate, nor was it before the trial court. As such, there exists no court finding that appellant's licenses are invalid. Accordingly, appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The trial court erred in finding that any vehicle owned by appellant was or is `not worthy to meet the requirement that they are safe to operate on the highways . . .'"
 ASSIGNMENT OF ERROR V
"The trial court erred by abusing its discretion in finding that appellant owned any `mobile home' or `house trailer' (which appellant will stipulate are not permitted by the township zoning regulation). However, the trial court found that a small travel trailer was a `house trailer' * * *. This is against the manifest weight of the evidence."
 {¶ 12} As appellant's fourth and fifth assignment of error raise similar issues, they will be addressed together. In his fourth assignment of error, appellant avers that the trial court erred in finding that his buses were not safe to operate on the highways of Ohio. In his final assignment of error, appellant asserts that the trial court erred in finding that he had a house trailer on his property. This Court finds any alleged error in these regards to be harmless.
 {¶ 13} "Civ.R. 61 sets forth the harmless error rule in civil cases, providing that no error or defect in any ruling is, `ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'"Chieffo v. YSD Industries, Inc., 157 Ohio App.3d 182, 2004-Ohio-2481, at ¶ 24. In the instant matter, it is clear that appellant maintained vehicles on his property that were inoperable, in violation of the Springfield zoning ordinance. Thus, any finding that appellant's vehicles were unsafe to operate or that he maintained a house trailer on his property is unnecessary to support the ultimate finding of the trial court. As such, appellant has suffered no prejudice from the above trial court findings and his fourth and fifth assignments of error are overruled.
 CROSS ASSIGNMENT OF ERROR
"The trial court erred when it denied cross-appellant's motion for sanctions without making any factual findings in support of its dismissal or conducting a hearing."
 {¶ 14} In its cross-assignment of error, appellee contends that the trial court erred in denying its motion for sanctions without holding a hearing. This Court agrees.
 {¶ 15} A decision of whether to impose sanctions is squarely within the broad discretion of the trial court. S S Computer Sys., Inc. v.Peng, 9th Dist. No. 20889, 2002-Ohio-2905, at ¶ 9. Thus, this Court will review the trial court's denial of appellee's motion for sanctions for an abuse of discretion. Wiltberger v. Davis (1996), 110 Ohio App.3d 46,51-52. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore, 5 Ohio St.3d at 219.
 {¶ 16} "[A] trial court must schedule a hearing only on those motions which demonstrate arguable merit and where a trial court determines there is no basis for the imposition of sanctions, it may deny the motion without a hearing." Ohio Dept. of Adm. Serv. v. Robert P. Madison Intl.,Inc. (2000), 138 Ohio App.3d 388, 399. In support of its motion for sanctions, appellee cited to numerous aspects of appellant's conduct in the below proceedings. Appellee first argued that appellant had asserted a counterclaim, which was later dismissed, that had no factual support. Next, appellee detailed to the trial court appellant's conduct in attempting to avoid the inspection of his property. These actions included filing motions with the trial court after a motion to compel had been granted ordering inspection of the property. Appellant also made lengthy objections to many of the magistrate's findings of fact and conclusions of law which were found to lack merit. Finally, appellee noted that appellant had also filed several post-judgment motions, all of which were found to lack merit.
 {¶ 17} In denying the motion for sanctions, the trial court stated,
"Plaintiffs move for sanctions on grounds that Defendant's action of filing the motion for new trial is frivolous. The Court cannot find that defense counsel's motion was made for the purpose to harass. The Court does not question the defense's belief or position on the asserted errors of law. Plaintiff's motion for sanctions is DENIED."
In its entry, the trial court only addressed whether appellant's motion for a new trial constituted frivolous conduct. As such, the trial court ignored the bulk of appellee's motion, a majority of which focused on appellee's delay tactics utilized during the discovery process.
 {¶ 18} R.C. 2323.51(A)(2)(a) provides as follows:
"(2) `Frivolous conduct' means either of the following:
"(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
"(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
"(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 19} The record reflects that although appellant eventually withdrew his counterclaim, it had no basis in law or fact. In his complaint, appellant alleged that Ms. Poda acted in bad faith and in an arbitrary and capricious manner in fulfilling her duties as zoning inspector. At his deposition, appellant admitted that Ms. Poda had done nothing wrong and that he just wanted to be left alone. In addition, at trial Ms. Poda testified that she had never met appellant or his complaining neighbor prior to receiving the complaint in this matter. At trial, even appellant testified that he had only met Ms. Poda on one occasion and that he did not feel she was harassing him. As such, no factual basis existed for appellant's counterclaim. Also, R.C. 2744.02(A) provides immunity from civil liability for acts performed in connection with a governmental function. Appellant did not allege that any of the exceptions to this immunity contained in R.C. 2744.02(B) applied in the instant matter. Appellant also failed to allege any factual basis to support a claim of intentional misconduct, which would eliminate immunity. Accordingly, appellant's counterclaim appeared to not have a basis in law or in fact.
 {¶ 20} Further, the record indicates that appellant greatly prolonged discovery in this matter by filing motions which were found to lack merit. While this Court makes no judgment of the merits of appellee's motion, appellee's motion has arguable merit. As such, the trial court abused its discretion in failing to hold a hearing to make factual findings to determine whether sanctions were warranted. Robert P. MadisonIntl., Inc., 138 Ohio App.3d at 399. Accordingly, appellee's cross assignment of error is sustained.
 III. {¶ 21} Appellant's assignments of error are overruled, and appellee's cross assignment of error is sustained. The judgment of the trial court is affirmed with respect to its findings that appellant was in violation of local zoning ordinances and that the condition of his property constituted a nuisance. However, the judgment of the trial court denying appellee's motion for sanctions is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, J., Batchelder, J., concur.