DeCARLO, Appellee,

v.

ESTATE OF MAXWELL;  MacDowell, Exr., Appellant.

[Cite as *DeCarlo v. Estate of Maxwell,* 167 Ohio App.3d 131, 2006-Ohio-3116.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22977.

Decided June 21, 2006.

William F. Chinnock, for appellant.

Leon A. Weiss, Adam M. Fried, Brian D. Sullivan, and Bethanie E. Ricketts, for appellee.

WHITMORE, Judge.

{¶ 1} Defendant-appellant, Eileen MacDowell, executor of the estate of Mary A. Maxwell, has appealed the decision of the Summit County Court of Common Pleas, Probate Division, that overruled the estate's motion for sanctions for plaintiff-appellee, Anthony J. DeCarlo's litigation of frivolous claims. This court reverses.

I

{¶ 2} Decedent Mary Maxwell passed away on November 26, 2002. On December 18, 2002, the estate was opened in the Summit County Probate Court with Eileen MacDowell being appointed executor. On April 28, 2003, DeCarlo initiated an action in the Summit County Probate Court seeking a declaratory judgment that he was the common-law husband of Maxwell at the time of her death. On May 9, 2003, the estate answered DeCarlo's complaint and filed a counterclaim for abuse of process. On July 13, 2005, the parties voluntarily dismissed their claims with prejudice. On August 1, 2005, the estate filed a motion for sanctions based on DeCarlo's litigation of a frivolous claim. On October 21, 2005, the Summit County Probate Court overruled the estate's motion for sanctions without a hearing.

{¶ 3} The estate has timely appealed, asserting four assignments of error. Assignments of Error One, Two, and Three have been consolidated, and Assignment of Error Four will be addressed first to facilitate our review.

## II

### Assignment of Error Four

The trial court committed reversible error in overruling the Maxwell estate's motion for sanctions without a hearing because the evidence demonstrates the arguable basis that DeCarlo filed his common-law marriage action (A) for an improper purpose, (B) lacking a legal basis, and/or (C) lacking a factual basis, in violation of three separate prongs of the Ohio sanctions statute—ORC 2323.51(A)(2)(i), (ii), and/or (iii).

{¶ 4} In the estate's fourth assignment of error, it has argued that the trial court erred in overruling its motion for sanctions without a hearing. Specifically, the estate has argued that it presented an arguable basis for sanctions, and therefore the trial court was obligated to hold a hearing. We agree.

{¶ 5} The decision to grant or deny sanctions is within the broad discretion of the trial court. *Springfield Twp. v. Adams*, 9th Dist. No. 22069, 2005-Ohio-591, 2005 WL 356797, at ¶ 15. Accordingly, we review such a decision for an abuse of discretion. Id. An abuse of discretion is "more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court." Id., citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 6} This court has held that a trial court " 'must schedule a hearing only on those motions which demonstrate arguable merit and where a trial court determines there is no basis for the imposition of sanctions, it may deny the motion without a hearing.' " *Adams*, 2005-Ohio-591, 2005 WL 356797, ¶ 16, quoting *Ohio Dept. of Adm. Servs.* v. *Robert P. Madison Internatl., Inc.* (2000) 138 Ohio App.3d 388, 399, 741 N.E.2d 551. Put another way, if a court finds an arguable basis for sanctions, it must schedule a hearing on the matter. The only way a court is excused from doing so is if it finds no basis whatsoever for the imposition of sanctions.

{¶ 7} In the present case, the trial court denied the estate's motion for sanctions without a hearing because it found insufficient evidence to support a finding that DeCarlo's claim was frivolous. The trial court specifically relied on the parties' prior marriage, their long-term cohabitation and letters from 30 neighbors and friends stating that DeCarlo and Maxwell comported themselves as husband and wife. The trial court also relied on the fact that it had previously

denied summary judgment on the issue because there existed questions of material fact concerning whether a common-law marriage existed.

{¶ 8} The trial court's unspoken logic was that since it had previously determined that the action may be legitimate, at least legitimate enough to survive summary judgment, then it necessarily was not frivolous and sanctions were not warranted. However, this logic necessitates that the legitimacy of the claim be established at some point in order to determine whether the claim was in fact frivolous. In order to establish the legitimacy of the claim, the court needed to resolve the genuine issues of material fact it cited when it denied the estate's motion for summary judgment. The court intended to do so at a trial scheduled for July 21, 2005.[1]

{¶ 9} However, prior to trial, the parties voluntarily dismissed their claims. The estate then filed a motion for sanctions against DeCarlo, asserting that he filed a lawsuit claiming a common-law marriage when he was aware that the facts did not support such a claim. The trial court reviewed the estate's motion for sanctions after the underlying action had been dismissed. Accordingly, the trial court was aware that there would be no trial, no adjudication on the merits, and no appeal on the underlying issue of whether a common-law marriage existed.

██ {¶ 10} In support of its motion for sanctions, the estate presented evidence that cast doubt upon the admissibility and veracity of the unsworn testimonials of DeCarlo's neighbors and friends. The estate also presented evidence that DeCarlo may have already been married and, thus, incompetent to enter into a contract to marry Maxwell. Further, the estate raised doubts as to Maxwell's present intent to marry DeCarlo.[2] It is clear to this court that the estate presented an arguable basis that DeCarlo's claim to common-law marriage was frivolous and sanctions were warranted. Therefore, under *Adams*, a hearing was required. *Adams*, 2005-Ohio-591, 2005 WL 356797, at ¶ 16.

██ {¶ 11} Under *Adams*, in order to deny the estate's motion for sanctions without a hearing, the trial court must find that there was absolutely no basis for sanctions. This court finds that such a conclusion would be unreasonable given

---

1. On June 27, 2005, the trial court, on its own motion, continued the trial until further notice.

2. Common-law marriages have been prohibited in Ohio since 1991. R.C. 3105.12(B)(1). However, common-law marriages that occurred prior to October 10, 1991 remain valid until terminated by death, dissolution, divorce, or annulment. R.C. 3105.12(B)(2). "The elements of a common law marriage are: (1) an agreement of marriage *in praesenti;* (2) cohabitation of the individuals as husband and wife; and (3) the treatment and reputation of the couple as husband and wife in the community and circle in which they reside." *Craft–Glover v. Glover,* 9th Dist. No. 21281, 2003-Ohio-1292, 2003 WL 1240107, at ¶ 7. The Ohio Supreme Court has held that the essential element of a common-law marriage claim is the agreement to marry *in praesenti. Nestor v. Nestor* (1984), 15 Ohio St.3d 143, 146, 15 OBR 291, 472 N.E.2d 1091.

the evidence presented by the estate. If the estate's claims were proven to be accurate, it is clear to this court that DeCarlo's claim of common-law marriage was unwarranted under law and therefore frivolous under R.C. 2323.51(A)(2)(a)(ii).[3] Because the trial court did not schedule a hearing, the questions that served as the basis for the estate's motion remain unanswered. Furthermore, because the trial court was aware that there was no trial forthcoming, its only opportunity to make factual findings and determine whether, in fact, DeCarlo's claim was frivolous was at a hearing on the estate's motion for sanctions.

{¶ 12} While we reserve judgment on the merits of the estate's motion, it is clear to us that it possesses arguable merit. Accordingly, the trial court abused its discretion in failing to hold a hearing to make factual findings and determine the legitimacy of DeCarlo's claim. This court concludes that the trial court's failure to afford the estate an opportunity to prove that DeCarlo's claim was frivolous, and that sanctions were thus appropriate, was unreasonable given the unique nature of this case.

{¶ 13} Based on the foregoing, the estate's fourth assignment of error has merit.

## Assignment of Error One

The decision of the trial court is against the manifest weight of the evidence demonstrating that DeCarlo initiated the common-law marriage action despite lack of a legal basis.

## Assignment of Error Two

The decision of the trial court is against the manifest weight of the evidence demonstrating that DeCarlo initiated the common-law marriage action despite lack of a factual basis.

## Assignment of Error Three

The decision of the trial court is against the manifest weight of the evidence demonstrating that DeCarlo initiated the common-law marriage action for an improper purpose.

{¶ 14} In its first three assignments of error, the estate has argued that the decision of the trial court was against the manifest weight of the evidence. The

---

3. R.C. 2323.51 was amended in 2005. However, R.C. 1.48 states that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Because R.C. 2323.51 is not expressly retrospective in its operation, this court applies the law as it was at the time the alleged frivolous action was undertaken. Therefore, we apply the 2003 version of R.C. 2323.51.

estate has specifically argued that the Summit County Probate Court applied the wrong legal standard to weigh the evidence.

{¶ 15} Given our resolution of the estate's fourth assignment of error, the remaining three assignments of error are moot. Therefore, we decline to address them. See App.R. 12(A)(1)(c).

### III

{¶ 16} The estate's fourth assignment of error is sustained. The estate's first, second, and third assignments of error are moot. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed and the cause remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SLABY, P.J., and CARR, J., concur.