OPINION
{¶ 1} Appellant Carrol Tabler appeals the decision of the Court of Common Pleas, Stark County, which dismissed her complaint for divorce from Appellee Lyndal Tabler. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 19, 2005, appellant filed a complaint for divorce in the Stark County Court of Common Pleas, alleging that she and appellee were married in Canton, Ohio, on July 25, 1975. Appellee filed his answer and a counterclaim for divorce on September 23, 2005. However, on October 14, 2005, appellee filed an amended answer denying the existence of the parties' marriage, alleging that on July 25, 1975, appellant was still married to another man, Maurice L. Matthews, and hence she could not validly enter a contract of marriage on said date. Appellee further changed his counterclaim to one requesting annulment.
 {¶ 3} Appellant thereupon filed an amended complaint for divorce, this time alleging that a common law marriage existed between the parties, with an establishment date of September 3, 1975, the date her South Carolina divorce from Mr. Matthews became final.[1]
 {¶ 4} A magistrate issued temporary orders on October 21, 2005. Appellant filed a motion to set the temporary orders aside, resulting in a judgment entry filed November 28, 2005, in which the trial court ordered counsel to submit the parties' marriage license application and probate court records to clarify how a marriage license *Page 3 
was obtained. On December 29, 2005, the trial court issued a judgment entry setting the matter for a ½-day trial "on annulment only."
 {¶ 5} A final pre-trial was conducted on February 22, 2006. The court thereupon ordered that the ½-day trial was cancelled, but that counsel were to brief the legal issues at hand. The court further indicated: "Parties stipulate that the copy of probate records and South Carolina decree are true and accurate copies of these documents." Judgment Entry, February 22, 2006.
 {¶ 6} On April 25, 2006, the trial court issued a ten-page judgment entry with findings of fact and conclusions of law. After analyzing the issues presented, the court therein determined as follows: (1) The alleged July 25, 1975 marriage of the parties was void ab initio because of appellant's extant marriage to Maurice Matthews at that time; (2) the parties had no common law marriage because at the time of their "in praesenti" intent to marry (July 25, 1975), appellant was still married to Matthews; (3) the court could not recognize the common law marriage based on the Defense of Marriage Amendment to the Ohio Constitution. The court thereupon dismissed appellant's complaint for divorce and granted appellee his request for annulment.
 {¶ 7} Appellant timely appealed, and herein raises the following three Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED ERROR BY NOT RECOGNIZING THE VALIDITY OF A COMMON LAW MARRIAGE ESTABLISHED BEFORE OCTOBER 1991, DECIDING THE IN PRAESENTI ELEMENT WAS NOT MET. *Page 4 
 {¶ 9} "II. THE TRIAL COURT COMMITTED ERROR BY CONCLUDING THE OHIO CONSTITUTION PRECLUDED THE TRIAL COURT FROM RECOGNIZING COMMON LAW MARRIAGE.
 {¶ 10} "III. THE TRIAL COURT ERRED BY GRANTING AN ANNULMENT BECAUSE THE ANNULMENT WAS WITHOUT MERIT."
 I. {¶ 11} In her First Assignment of Error, appellant challenges the trial court's determination that the "in praesenti" element of her claim for a common law marriage was not met.
 {¶ 12} The elements of a common law marriage are: (1) an agreement of marriage in praesenti; (2) cohabitation of the individuals as husband and wife; and (3) the treatment and reputation of the couple as husband and wife in the community and circle in which they reside. DeCarlo v.Estate of Maxwell, 167 Ohio App.3d 131, 134, 854 N.E.2d 230,2006-Ohio-3116, f.n. 2, citing Craft-Glover v. Glover, Summit App. No. 21281, 2003-Ohio-1292, ¶ 7. "The fundamental requirement to establish the existence of a common law marriage is a meeting of the minds between the parties who enter into a mutual contract to presently take each other as man and wife. The agreement to marry in praesenti is the essential element of a common law marriage. Its absence precludes the establishment of such a relationship even though the parties live together and openly engage in cohabitation. Although cohabitation and reputation are necessary elements of a common law marriage, this court has previously held that standing alone they do not constitute a common law marriage." Nestor v. Nestor (1984), *Page 5 15 Ohio St.3d 143, 146, 472 N.E.2d 1091, citing In re Redman (1939), 135 Ohio St. 554,21 N.E.2d 659.
 {¶ 13} Appellant maintains that the in praesenti element in the case sub judice is confirmed by certain alleged conduct of the parties, such as the parties' filing of joint tax returns, maintenance of joint bank accounts and property holdings, and use of spousal health benefits. However, appellant cannot demonstrate any of these purported facts in the record. App.R. 16(A)(7) requires, in pertinent part, an appellant's brief to set forth "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the * * * parts of the record on which appellant relies." See, e.g., Knox v.Clark, Fairfield App. No. 03 CA 95, 2004-Ohio-4461, ¶ 22. Furthermore, our review on appeal is limited to those materials in the record that were before the trial court. See, e.g., State v. DeMastry,155 Ohio App.3d 110, 119-120, 799 N.E.2d 229, 2003-Ohio-5588, citing State v.Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500.
 {¶ 14} As we indicated in our recitation of the facts, the trial court decided the case at hand by reviewing the record upon canceling the evidentiary hearing, a course of action the court had plainly set out in the final pre-trial order. The only stipulated evidentiary documents were copies of the Stark County marriage license records and the South Carolina divorce decree. These documents reveal that appellant not only falsified on the Stark County marriage license application her marital status (perhaps a layperson's misunderstanding), but also averred she had never been married. In addition, the South Carolina divorce decree undisputedly proves that appellant was still married to another man at the time of the Ohio "ceremony" of July 25, 1975. "Because *Page 6 
polygamy is prohibited in Ohio, a person cannot establish a common law marriage while that person is still lawfully married to another spouse."Sulfridge v. Kindle, Adams App. No. 04CA795, 2005-Ohio-3929, f.n. 7 (citations omitted). Thus, the trial court properly concluded that the "in praesenti" element was not met based on the submitted documents. Appellant's present arguments have no support in the record before us.
 {¶ 15} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 16} In her Second Assignment of Error, appellant contends the trial court erred in concluding the "Defense of Marriage" Amendment ("DOMA") to the Ohio Constitution (Article 15, Section 11) prevented recognition of the parties' alleged common law marriage.
 {¶ 17} Ohio courts have generally recognized that although common law marriages have been statutorily prohibited since 1991 (R.C.3105.12(B)(1)), those that occurred prior to October 10, 1991 remain valid until terminated by death, dissolution, divorce, or annulment.DeCarlo, supra; R.C. 3105.12(B)(2). Although the impact of DOMA on the recognition of common law marriages as set forth in this assigned error presents an issue worthy of full analysis, our previous determination in this matter renders it moot. As an appellate court, we are not required to issue rulings that cannot affect matters at issue in a case. See, e.g., In re Merryman/Wilson Children, Stark App. Nos. 2004 CA 00056, 2004 CA 00071, 2004-Ohio-3174, ¶ 59, citing State v. Bistricky (1990),66 Ohio App.3d 395, 584 N.E.2d 75.
 {¶ 18} Appellant's Second Assignment of Error is found moot. *Page 7 
 III. {¶ 19} In her Third Assignment of Error, appellant contends the trial court erred in granting appellee's request for annulment.
 {¶ 20} "It is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against [her], must not only show some error but must also show that that error was prejudicial to [her]."Ames v. All American Truck Trailer Service (Feb. 8, 1991), Lucas App. No. L-89-295, quoting Smith v. Flesher (1967), 12 Ohio St.2d 107, 110,233 N.E.2d 137. See, also, App.R. 12(D). A judgment annulling a marriage normally places the parties in the same position that they would have been in had the annulled marriage not taken place. See Liming v.Liming (1996), 117 Ohio App.3d 617, 621, 691 N.E.2d 299, citing Ohio Jurisprudence 3d (1994) 163, Family Law, Section 353. As appellee properly notes, the annulment finding was mere surplusage under these circumstances in light of the court's other determinations.
 {¶ 21} We therefore find no reversible error in this regard as urged by appellant. The Third Assignment of Error is overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J.
Gwin, P. J., and
 Farmer, J., concur. *Page 8 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs to appellant.
[1] We note appellant's complaint and amended complaint both allege gross neglect of duty, extreme cruelty, and incompatibility. Appellant did not rely on R.C. 3105.01(A), which allows, as grounds for divorce, that "[e]ither party had a husband or wife living at the time of the marriage from which the divorce is sought." *Page 1