JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, and the brief of counsel for defendants-appellants.
 {¶ 2} Defendants-appellants Gerald Short and Kathleen Short appeal the judgment of the trial court cancelling a scheduled sanction hearing and denying their motion for sanctions. For the following reasons, we reverse and remand.
 {¶ 3} The record before us demonstrates that on April 1, 2004, plaintiff-appellee Ann Brown filed a complaint against the Shorts and twenty-two other defendants. The defendants are the parents of minor children who allegedly attended a party on April 23, 2003, at Brown's Westlake residence while she was away on vacation. The complaint sought damages for losses Brown suffered as a result of the alleged theft of a safe from her home during the party.[1]
 {¶ 4} On November 17, 2004, the Shorts served Brown with a request for admissions, interrogatories and a request for production of documents. Brown neither answered nor sought an extension of time to answer the Shorts' discovery requests.[2] On January 15, 2005, the Shorts filed a motion for summary judgment. On January 21, 2005, Brown voluntarily dismissed her complaint, without prejudice, in its entirety. On February 2, 2005, the Shorts filed a motion for sanctions against Brown pursuant to R.C. 2323.51 and/or Civ.R. 11. Brown did not oppose the motion, and the trial court set a hearing on the motion for April 14, 2005.
 {¶ 5} On April 1, 2005, counsel for the Shorts filed a motion to continue the sanctions hearing. On April 8, 2005, the trial court granted the Shorts' motion to continue, but cancelled the hearing altogether and denied the Shorts' motion for sanctions, stating that "the court finds that sanctions are not appropriate in the case." The Shorts now appeal. Brown has not defended herself in this appeal.
 {¶ 6} In their first assignment of error, the Shorts contend that the trial court erred by denying their motion for sanctions. In their second assignment of error, the Shorts argue that the trial court erred by denying their motion for sanctions without conducting a hearing. We agree with the Shorts' second assignment of error.
 {¶ 7} R.C. 2323.51 states in pertinent part as follows:
 {¶ 8} "(A) As used in this section:
 {¶ 9} "(1) `Conduct' means filing a civil action, asserting a claim, defense or other position in connection with a civil action, or taking any other action in connection with a civil action.
 {¶ 10} "(2) `Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following;
 {¶ 11} "(a) It obviously serves merely to harass or maliciously injure another party to the civil action;
 {¶ 12} "(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 {¶ 13} "(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.
 {¶ 14} "(2) An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:
 {¶ 15} "(a) Sets a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 {¶ 16} "(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;
 {¶ 17} "(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.
 {¶ 18} "* * *
 {¶ 19} "(5) In connection with the hearing described in division (B)(2) of this section, each party who may be awarded reasonable attorney's fees and his counsel of record may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of any such award, an itemized list or other evidence of the legal services necessitated by the alleged frivolous conduct, the time expended in rendering the services, and whichever of the following is applicable. * * *"
 {¶ 20} In Pisani v. Pisani (1995), 101 Ohio App.3d 83,645 N.E.2d 1355, this court settled the conflict that existed among the panels of this court as to whether a hearing is required on a frivolous conduct motion under R.C. 2323.51 when the court denies the motion. In addressing the issue, this court noted that "[t]he plain meaning of [R.C. 2323.51(B)(2)] is that an award of attorney fees as sanctions for frivolous conduct may only be made after a hearing. The converse is not addressed by the statutory language, i.e., whether a hearing is required when an award of fees is denied. The doctrine of statutory construction, expressio unius est exclusio alterius, would imply that a hearing is not required when an award of attorney fees is denied." Id. at 87 (Citations omitted) (Emphasis in original).
 {¶ 21} This court noted that, "there may be some circumstances in which a hearing is not required, as where the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless or redundant." Id. at 88, citing Huddy v. Toledo Oxygen Equipment Co. (May 8, 1992), Lucas App. No. L-91-328.
 {¶ 22} In Pisani, the trial court had the opportunity over several years and forty days of actual trial to observe the parties in action and analyze their motives. Thus, the trial court had ample evidence on which to judge whether there had been a prima facie showing of frivolous conduct warranting a hearing. Hence, this court found no abuse of discretion in the trial court's denial of the motion for sanctions without holding a hearing.
 {¶ 23} Here, however, the record does not reflect that the trial court had an extensive, or any, opportunity to observe the parties and analyze their motives. Further, there is evidence in the record that we believe would, at least, give credence to the appropriateness of the Shorts' motion for sanctions. Therefore, we find that the trial court abused its discretion by denying the Shorts' motion for sanctions without a hearing. Accordingly, appellant's second assignment of error is with merit, and the case is reversed and remanded to the trial court for the purpose of conducting a hearing on the Shorts' motion for sanctions.
 {¶ 24} Based on our resolution of the second assignment of error, we need not address the first assignment of error. App.R. 12(A)(1)(c).
Case reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellants recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Jeromy Coleman, an adult, was arrested and charged with burglary, theft and safe cracking relative to the within incident. (See State ofOhio v. Jeromy Coleman, Case No. CR-03-446261). Coleman pled guilty and was sentenced and ordered to pay restitution to Brown on February 17, 2004, prior to Brown filing her complaint. Coleman was not named as a defendant in the complaint.
[2] During discovery, Brown failed to appear at her deposition and her attendance had to be compelled by the court. She further attempted to quash a subpoena issued to her daughter, stating that she "is unwilling to subject her minor daughter to these proceedings." The court denied Brown's motion to quash.