JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant, Juan Pitchford-El ("Pitchford-El"), appeals the trial court's dismissal of his counterclaim and motion for sanctions. Finding no merit to the appeal, we affirm.
 {¶ 3} Pitchford-El entered into a contract with plaintiff-appellee, Fitworks Holdings L.L.C. ("Fitworks"), for a gym membership. As part of the contract, the parties agreed that monthly payments would be electronically deducted from Pitchford-El's bank account. According to Pitchford-El, Fitworks stopped deducting payments from his bank account and sent him a payment booklet to mail his monthly payment. He found this practice unacceptable, so he stopped paying his membership dues. Fitworks filed suit against him, demanding payment on the contract in the amount of $1,127.68 plus interest.
 {¶ 4} Pitchford-El filed a series of pleadings, including a motion to dismiss, leave to supplement his answer and file a counterclaim, a motion for summary judgment, and a motion for sanctions. The trial court set the matter for a motion hearing. Fitworks failed to appear at the motion hearing as well as a scheduled pretrial. The trial court granted Pitchford-El's motion to dismiss and dismissed the entire case with prejudice, including Pitchford-El's other outstanding motions.[1] *Page 3 
 {¶ 5} Pitchford-El appeals, raising two assignments of error.
 {¶ 6} In his first assignment of error, Pitchford-El argues that the trial court abused its discretion when the trial court failed to give his counterclaim a "full and fair determination."
 {¶ 7} A review of the record shows that Pitchford-El never properly filed his counterclaim. Civ.R. 13(A) provides, in pertinent part:
 "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
 {¶ 8} When a party fails to assert an available counterclaim in a responsive pleading, and the time for amendment of such pleading as a matter of right has passed, the party must seek leave of court to include the counterclaim. Civ.R. 13(F); Civ.R. 15(A); Natl. City Bank v. Fleming (1981),2 Ohio App.3d 50, 440 N.E.2d 590.
 {¶ 9} Pitchford-El filed a motion for leave to file a supplemental answer and counterclaim two months after filing his answer. At the same time he sought leave, he also filed his "supplemental answer and counterclaim." Notwithstanding his requesting leave to file his counterclaim, his argument fails for two reasons. First, the trial court never granted his motion for leave to file a counterclaim. It is well-settled that, when a motion is not ruled on, it is deemed to be denied. Newman v. Al Castrucci Ford Sales, Inc. (1988),54 Ohio App.3d 166, 169, 561 N.E.2d 1001; *Page 4 Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347,457 N.E.2d 858; State v. Whitaker, Cuyahoga App. No. 83824, 2004-Ohio-5016.
 {¶ 10} Second, Pitchford-El's "supplemental answer and counterclaim" lists six affirmative defenses but does not contain a counterclaim or a claim for relief or demand for judgment in a monetary amount. Thus, the trial court did not err in refusing to consider his "counterclaim" because leave was never granted to file a counterclaim, and the "supplemental answer and counterclaim" he submitted did not contain a counterclaim.
 {¶ 11} Therefore, the first assignment of error is overruled.
 {¶ 12} In the second assignment of error, Pitchford-El argues that the trial court abused its discretion in dismissing his motion for sanctions. He also claims that he was prejudiced when the trial court failed to hold a hearing on his motion for sanctions. We disagree.
 {¶ 13} Pitchford-El moved for sanctions pursuant to Civ.R. 11 and R.C.2923.51. A trial court's decision to deny Civ.R. 11 sanctions can be reversed only if the trial court abused its discretion. State ex rel.Fant v. Sykes (1987), 29 Ohio St.3d 65, 505 N.E.2d 966. Civ.R. 11 states in pertinent part:
 "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for *Page 5 
delay. * * * For a willful violation of this rule an attorney may be subjected to appropriate action. * * *"
 {¶ 14} There is no specific requirement in Civ.R. 11 that a hearing be held before determining the motion. Capps v. Milhem, Franklin App. No. 03AP-251, 2003-Ohio-5212. Therefore, a trial court's denial of a hearing on a motion for sanctions will be reviewed to determine whether there exists an arguable basis for sanctions. Id. If an arguable basis exists for an award of sanctions, then the trial court must hold a hearing on the issue. However, if the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing. Id.
 {¶ 15} In addition, R.C. 2323.51 provides that a party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action. R.C. 2323.51 further provides that a hearing must be held if the court is to award sanctions. The converse, however, is not addressed by the statutory language, i.e., whether a hearing is required when an award of fees is denied. Pisani v.Pisani (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355; see also Brown v.Hageman, Cuyahoga App. No. 86372, 2005-Ohio-5454. The doctrine of statutory construction, expressio unius est exclusio alterius, would imply that a hearing is not required when an award of attorney fees is denied. Id. at 87. Thus, if the court decides not to award sanctions, it need not hold a hearing. *Page 6 
 {¶ 16} In the instant case, we find no basis for the imposition of sanctions. There is nothing in the record to indicate that Fitworks' attorney acted in bad faith or participated in frivolous conduct.
 {¶ 17} Thus, the trial court did not err in failing to hold a hearing or in dismissing the motion for sanctions.
 {¶ 18} The second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and CHRISTINE T. McMONAGLE, J. CONCUR
[1] No issue has been raised regarding notice prior to the dismissal. *Page 1