DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Gerald Phillips, attorney for Big Trees in the underlying action, has appealed the trial court's order granting Thomas Dillon's motion for sanctions against him under Rule 11 of the Ohio Rules of Civil Procedure. This Court must dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. SeeState ex rel. Pendell v. Adams County Bd. of Elections,40 Ohio St. 3d 58, 60 (1988).
 FACTS {¶ 2} Mr. Dillon hired Big Trees Inc. to transplant and stake a number of trees on a parcel of residential property in Summit County, Ohio. Big Trees faxed Mr. Dillon a contract, which Mr. Dillon signed and returned to the company. According to Mr. Dillon, Big Trees did some part of the work described in the contract. Shortly thereafter, several of the transplanted trees blew over in a storm. Mr. Dillon sued Big Trees in Summit County for breach of contract. *Page 2 
 {¶ 3} Mr. Dillon has alleged that the contract he received by fax consisted of just one page, which he attached to his complaint. Big Trees alleged that the faxed contract was two pages in length and that the second page contained a forum selection clause requiring suit to be filed in Lorain County. More than a year after filing its amended answer that included the venue issue, Big Trees moved to "Transfer Case to Proper Venue as Stipulated By Parties." Big Trees filed the motion on the day of the final pretrial and attached a certificate of service indicating that Mr. Dillon had received the motion by personal service that same day. The trial court noted, however, in its journal entry denying the motion, that Mr. Phillips, Big Trees' lawyer, participated in that pretrial with the court and the opposing party without ever mentioning the motion for change of venue.
 {¶ 4} Nearly a month after Big Trees moved to change venue, Mr. Dillon opposed the motion and moved for sanctions against Mr. Phillips under Rule 11 of the Ohio Rules of Civil Procedure. Mr. Dillon based his request for sanctions on "a disturbing pattern of repeated misrepresentations by the defendant, through its counsel, regarding both receipt and service of documents related to the case." Mr. Dillon alleged that neither he nor his lawyer had ever been served with a copy of the motion to change venue. He also argued that the title, "Motion to Transfer Case to Proper Venue as Stipulated By Parties," appeared calculated to cause the trial court to believe the parties had reached an agreement to change the venue from Summit to Lorain County. Mr. Dillon emphasized that the argument Big Trees made rested on a factual dispute regarding whether the contract, as presented to Mr. Dillon for signature, contained one or two pages. Mr. Phillips did not respond to Mr. Dillon's motion for sanctions, nor did he return the trial court's repeated telephone calls. *Page 3 
 {¶ 5} On June 1, 2007, the trial court denied the motion for change of venue and imposed a sanction of $500.00 to be paid by Big Trees' lawyer for his behavior related to the filing of the motion for change of venue. The underlying case was later settled, and, on June 28, 2007, the trial court dismissed it. Mr. Phillips, attorney for Big Trees, filed a notice of appeal on July 30, 2007. In the notice of appeal, Mr. Phillips indicated he was appealing the "interlocutory order" granting sanctions against him on his own behalf.
 {¶ 6} Mr. Phillips has argued that the trial court erred by granting the sanction against him: (1) because it had not held an evidentiary hearing, (2) because there existed good grounds to support the motion for change of venue, (3) because the motion for change of venue was not filed for purposes of delay, and (4) because he did not willfully violate Rule 11. This Court dismisses the appeal because Mr. Phillips did not timely file his notice of appeal from the order granting Mr. Dillon's motion and sanctioning him.
 STANDING {¶ 7} "The purpose of [Rule 11 of the Ohio Rules of Civil Procedure] is to deter pleading and motion abuses; it is to assure the court that the pleading or motion was filed in good faith with sufficient grounds to support it." Stevens v. Kiraly, 24 Ohio App. 3d 211, 213 (1985). An attorney or pro se party who willfully violates the rule may be sanctioned by the court, beyond the striking of the offending document. Civ. R. 11. The trial court's order in this case makes it clear that Mr. Phillips, the attorney for Big Trees, was the person ordered to pay the sanction. Therefore, it is Mr. Phillips, rather than his client, who was aggrieved by the court's decision and, thus, he has standing to appeal.Lemaster v. Bank One Columbus, N.A., 10th Dist. No. 98AP-2,1998 WL 542699, at *2 (Aug. 25, 1998); Parks v. Baltimore Ohio RR,77 Ohio App. 3d 426, 429 (1991). *Page 4 
 FINAL APPEALABLE ORDER {¶ 8} "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." State exrel. Pendell v. Adams County Bd. of Elections, 40 Ohio St. 3d 58, 60
(1988). Before considering the merits of the appeal, this Court must first determine whether it has jurisdiction. The initial question before the Court is whether an order granting sanctions under Rule 11 of the Ohio Rules of Civil Procedure is a final, appealable order. Mr. Phillips has argued that the order from which he has appealed was an interlocutory order that became final when it merged into the order of dismissal.
 {¶ 9} "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." Chef Italiano Corp. v. Kent State Univ., 44 Ohio St. 3d 86, syllabus (1989). In 1998, the "provisional remedy" category of final orders was added to Section 2505.02. R.C. 2505.02(B)(4). An order is final under that subsection if it satisfies a three-prong test: "(1) the order must either grant or deny . . . a `provisional remedy,' (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."State v. Muncie, 91 Ohio St. 3d 440, 446 (2001).
 PROVISIONAL REMEDY TEST {¶ 10} The term "provisional remedy" is defined in the statute as "a proceeding ancillary to an action." R.C. 2505.02(A)(3). A motion for sanctions under Rule 11 of the Ohio Rules of Civil Procedure creates a proceeding ancillary to and independent of the underlying case. See *Page 5 Vogel v. Shaw, 9th Dist. No. 20007, 2001 WL 111576, at *2 (Feb. 7, 2001) (citing Risk Insurers v. Lorenz Equip., 69 Ohio St. 3d 576 (1994);Stevens v. Kiraly, 24 Ohio App. 3d 211 (1985); Baker v. USS / Kobe SteelCo., 9th Dist. No. 98CA007151, 2000 WL 14044 (Jan. 5, 2000)). Thus, the trial court's order granting sanctions under Rule 11 was one granting a "provisional remedy." See R.C. 2505.02(A)(3).
 {¶ 11} The second prong of the test requires two things. The order must "both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy." Muncie, 91 Ohio St. 3d at 446. An order granting sanctions under Rule 11 "determine[s] the action with respect to the provisional remedy" if it includes a specific sanction, leaving nothing outstanding for future determination. Id., see AXS OpportunityFund L.L.C. v. Continent French Quarter L.L.C., 10th Dist. No. 07 AP-568, 2008-Ohio-1047, at ¶ 12-15; Heckathorn v. Heckathorn, 5th Dist. No. 2006CA189, 2007-Ohio-5520, at ¶ 8-10. In this case, the trial court ordered Mr. Phillips to pay a finite amount of money. The court ruled on the plaintiff's motion for sanctions without condition and left nothing to be re-visited at a later date. Therefore, the order determined the action. The second prong of the test also requires that the order must "prevent a judgment in favor of the appealing party with respect to the provisional remedy." Muncie, 91 Ohio St. 3d at 446. The trial court's ruling in this case decided the question of sanctions and prevented a judgment for Mr. Phillips on that issue. Thus, the order meets the second prong of the test.
 {¶ 12} Under the third prong, the order must satisfy Section2505.02(B)(4)(b) of the Ohio Revised Code. Id. That subsection requires a determination of whether the order precludes "a meaningful or effective remedy" via appeal, following a final judgment as to all the claims in the action. Id. Section 2505.02(B)(4)(b) does not require "the absence of every theoretical *Page 6 
remedy in order to find that appellant would be denied a `meaningful' or `effective' remedy following final judgment. This is particularly so when . . . the court will be unable to fashion a remedy which would replace a potential loss of business goodwill, or repair business relationships with third parties. . . ." Bob Krihwan Pontiac-GMC TruckInc. v. Gen. Motors Corp., 141 Ohio App. 3d 777, 781 (2001). "[T]he statute asks whether a postponed appeal is sufficient to remedy the effects of the order granting or denying the provisional remedy, not whether appellants have other separate remedies available at the trial court level." Premier Health Care Servs. Inc. v. Schneiderman, 2d Dist. No. 18795, 2001 WL 1479241, at *3 (Aug. 21, 2001).
 {¶ 13} A sanctions order, such as the one at issue in this case, requires an attorney to satisfy the sanction immediately. If the order is not appealable at that time, the attorney is left in the unenviable position of either satisfying the order, thereby mooting any appeal, or being held in contempt of court for failure to do so. Additionally, a trial court's finding that an attorney willfully violated Rule 11 involves other, intangible detriments to an attorney's professional reputation. If a trial court incorrectly enters such an order against an attorney who is then forced to wait months or even years to appeal the order, a reviewing court may be "unable to fashion a remedy which would replace a potential loss of business goodwill, or repair [the attorney's] business relationships with third parties." Bob KrihwanPontiac-GMC Truck Inc., 141 Ohio App. 3d at 781. Therefore, a trial court's order granting Rule 11 sanctions against an attorney precludes a meaningful and effective remedy on appeal after final judgment.
 {¶ 14} The trial court's order in this case meets each of the statutory requirements for a final order under the "provisional remedy" category. See R.C. 2505.02(B)(4). Thus, the order granting Rule 11 sanctions against Mr. Phillips was a final order. See id. The next question is *Page 7 
whether the requirements of Rule 54(B) of the Ohio Rules of Civil Procedure are applicable and, if so, whether they have been met. SeeChef Italiano Corp. v. Kent State Univ., 44 Ohio St. 3d 86, syllabus (1989). "A provisional remedy is a remedy other than a claim for relief. Therefore, an order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B)." State ex rel. ButlerCounty Children Servs. Bd. v. Sage, 95 Ohio St. 3d 23, 25 (2002). As this Court has determined that the order met the definition of a final order under the "provisional remedy" subsection of the statute, there was no need for the trial court to determine that there was no just reason for delay. R.C. 2505.02(B)(4).
 {¶ 15} Rule 4(A) of the Ohio Rules of Appellate Procedure requires a notice of appeal to be filed within 30 days of a final order or judgment entry. The trial court entered a final order for Rule 11 sanctions against Mr. Phillips on June 1, 2007. Therefore, Mr. Phillips had until July 2, 2007, to file his notice of appeal. Mr. Phillips did not file a notice of appeal, however, until July 30, thus depriving this Court of jurisdiction.
 CONCLUSION {¶ 16} This Court does not have jurisdiction to hear this appeal because the notice of appeal was not timely filed. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is *Page 9 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to appellant.
 CARR, P. J., MOORE, J., CONCUR. *Page 1