MEMORANDUM OPINION
{¶ 1} On September 5, 2008, appellants, Jennifer Shore and John Ours, by and through counsel, filed a notice of appeal from an August 7, 2008 entry of the Portage County Court of Common Pleas. In that entry, the trial court ordered that plaintiffs attorney fees and costs be levied against Ms. Shore and Mr. Ours as a sanction for *Page 2 
failure to proceed in good faith at the subject court proceeding, namely, a mediation conference.
 {¶ 2} On October 14, 2008, this court issued an entry indicating that it may not have jurisdiction to consider this appeal. Ms. Shore and Mr. Ours filed a memorandum in support of jurisdiction on November 10, 2008, indicating that the trial court judgment affects a substantial right and is a provisional remedy. Hence, Ms. Shore and Mr. Ours allege that this court has jurisdiction to consider this matter.
 {¶ 3} We must determine whether the trial court's decision is a final, appealable order which vests this court with jurisdiction. According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a judgment of a trial court only if it constitutes a "final order" in the action. Germ v. Fuerst, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. Gen. Acc. Ins. Co. v. Ins. ofN. Am. (1989), 44 Ohio St.3d 17, 20.
 {¶ 4} We find that the appealed order of sanctions in the form of attorney fees and costs against Ms. Shore and Mr. Ours is interlocutory and not appealable at this time.
 {¶ 5} R.C. 2505.02(B) states that:
 {¶ 6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; *Page 3 
 {¶ 8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 9} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"
 {¶ 13} The final appealable order status of an order imposing sanctions for failure to proceed in good faith at a court referred mediation conference appears to be one of first impression in Ohio; however, the analysis employed by courts reviewing sanction orders emanating from other pretrial procedures is cogent and illuminating.
 {¶ 14} When the Supreme Court of Ohio reviewed a sanction order arising from pretrial discovery, the court observed that "discovery techniques are pretrial procedures used as an adjunct [to] a pending lawsuit. They are designed to aid in the final disposition of the litigation, and are, therefore, to be considered as an integral part of the action in which they are utilized. They are not `special proceedings,' as that phrase is used in R.C. 2505.02. Hence, a sanction order arising out of discovery procedures is not an order rendered in a special proceeding." Kennedy v. Chalfin (1974), *Page 4 38 Ohio St.2d 85, 89. See, also, Longo v. Bender, 11th Dist. No. 2006-G-2699,2006-Ohio-2239.
 {¶ 15} This observation was clarified in the court's decision inState ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, as it found that discovery orders are "interlocutory and, as such, are neither final nor appealable." Id. at paragraph seven of the syllabus.
 {¶ 16} Mediation, like discovery, is a pretrial procedure used as an adjunct to pending litigation and is designed and utilized to aid in the final disposition of the case.
 {¶ 17} While these two decisions were issued before the amendment to R.C. 2505.02, and courts applying the amended R.C. 2505.02 to pretrial discovery orders have held that "provisional remedies, such as discovery orders, are no longer categorically precluded from immediate review", it cannot be said that all such orders are subject to immediate review. SeeStratman v. Sutantio, 10th Dist. No. 05AP-1260, 2006-Ohio-4712.
 {¶ 18} The term "provisional remedy" is defined as "a proceeding ancillary to an action." R.C. 2505.02(A)(3). A motion for sanctions under Civ. R. 11 creates a proceeding ancillary to and independent of an underlying case. See Dillon v. Big Trees, Inc., 9th Dist. No. 23831,2008-Ohio-3264, at ¶ 10. Further, we can find no basis to conclude that a sanction order arising out of a mediation conference is anything other than a provisional remedy and is certainly not an order arising out of a special proceeding. Hence, the trial court's order granting sanctions was one granting a provisional remedy under R.C. 2505.02(A)(3). *Page 5 
 {¶ 19} Thus, the final appealable order decision must rest upon whether the order "determines the action and prevents judgment in favor of the appealing party with respect to the issue and is unsuited to an effective remedy by appeal following adjudication of the entire case." R.C. 2505.02(B)(4)(a) and (b).
 {¶ 20} When the Tenth District utilized this analysis in reviewing an order which both compelled attendance at the independent medical examination and awarded costs, it determined that "[u]nlike the order compelling attendance at the [independent medical examination], the award of costs does not appear to be a final order under R.C. 2505.02. The award does not affect a substantial right, in effect determining the action, and the personal injury case below is not a special proceeding. * * * There is no order vacating or setting aside an order or granting a new trial. R.C. 2505.02(B)(3). * * * There is no danger that a meaningful or effective remedy would not be available upon an appeal after final judge has been rendered in the case. R.C. 2505.02(B)(4)." Id. at ¶ 26.
 {¶ 21} In the instant matter, under R.C. 2505.02 (B)(1) and (2), the appealed order of sanctions in the form of attorney fees and costs against Ms. Shore and her counsel, Mr. Ours, does not affect a substantial right in the action and was not made in a special proceeding. Furthermore, the order appealed from did not vacate or set aside a judgment or grant a new trial as stated in R.C. 2505.02(B)(3).
 {¶ 22} Under R.C. 2505.02(B)(4), there are two requirements. First, the order must "both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy." An order that grants sanctions under Civ. R. 11 determines the action with respect to the *Page 6 
provisional remedy if it includes a specific sanction and leaves nothing for future determination. Dillon, supra, at ¶ 11.
 {¶ 23} In this case, the trial court ordered that sanctions of appellee's reasonable attorney fees be levied against Ms. Shore and Mr. Ours. In the trial court's entry, there was no set amount to be paid and there was no date by which these fees had to be paid. Therefore, the order did not determine the action. Additionally, because there was no requirement by the trial court that the sanction be satisfied immediately, there is an opportunity for a meaningful and effective remedy by way of appeal after final judgment is entered.
 {¶ 24} Based on the foregoing analysis, the order currently before this court is not a final appealable order within the meaning of R.C. 2505.02. Further, Ms. Shore and Mr. Ours may be afforded a meaningful and effective remedy as to their alleged errors following a final judgment in this case. Therefore, this appeal is dismissed.
 {¶ 25} Accordingly, the instant appeal is, sua sponte, dismissed due to lack of jurisdiction.
CYNTHIA WESTCOTT RICE, J., concurs,
TIMOTHY P. CANNON, J., concurs in judgment only with Concurring Opinion.