[Cite as *Fetzer v. Fetzer*, 2016-Ohio-6968.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DEBORAH FETZER

    Appellee

    v.

RYAN FETZER

    Appellant

C.A. No.    15AP0027

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    10-DR-0382

DECISION AND JOURNAL ENTRY

Dated: September 26, 2016

HENSAL, Judge.

{¶1} Ryan Fetzer has attempted to appeal an order of the Wayne County Court of Common Pleas, Domestic Relations Division. For the following reasons, we dismiss the appeal.

I.

{¶2} Mr. Fetzer married Deborah Fetzer in 2000. In 2010, Wife filed a complaint for divorce. The trial court issued a decree in June 2012. On appeal, this Court sustained three of Husband's assignments of error and remanded the matter to the trial court. *Fetzer v. Fetzer*, 9th Dist. Wayne No. 12CA0036, 2014-Ohio-747. On remand, one of the issues was the value of Husband's business. According to a magistrate, at a pretrial hearing in August 2014, Husband said that he wanted to have the business evaluated. In November 2014, Wife moved for attorney fees, alleging that Husband had not even started the evaluation process yet and that, because of the delay, she had incurred significant fees. Following a hearing, the court granted Wife's

motion, ordering Husband to pay Wife $3,660 for her attorney fees before the next hearing. Mr. Fetzer has attempted to appeal the trial court's order.

## II.

## JURISDICTION

{¶3}    This Court is obligated to raise questions related to our jurisdiction sua sponte. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final appealable judgments and orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final appealable judgment or order, this Court must dismiss the appeal. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶4}    Revised Code Section 2505.02(B)(2) provides that the definition of a "final order" includes "[a]n order that affects a substantial right made in a special proceeding * * *." Divorce actions are special proceedings. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). Accordingly, the trial court's order in this case qualifies as a final order if it "affect[ed] a substantial right." R.C. 2505.02(B)(2). An order affects a substantial right if "appropriate relief cannot be obtained in an appeal from final judgment." *Denkewalter v. Denkewalter*, 9th Dist. Medina No. 13CA0082-M, 2015-Ohio-3171, ¶ 8.

{¶5}    Upon review of the record, we conclude that meaningful review of the attorney fee award in this case can be achieved after appeal from the final order as to all issues. The attorney fee award does not irrevocably deprive Husband of the attorney fee payment. This is because the trial court could consider the payment in its determination of the division of the parties' assets, which has not yet been completed, and in its review of the attorney fees previously ordered in the decree, which we concluded were premature to review in Husband's

previous appeal from the decree. *Fetzer I*, 2014-Ohio-747, at ¶ 63. Accordingly, Husband's payment of the attorney fees would not render moot a subsequent appeal from the final determination on this issue. *Compare Dillon v. Big Trees, Inc.*, 9th Dist. Summit No. 23831, 2008-Ohio-3264, ¶ 13 ("[A] trial court's order granting Rule 11 sanctions against an attorney precludes a meaningful and effective remedy on appeal after final judgment."); *see also Galbreath v. Galbreath*, 10th Dist. Franklin No. 89AP-103, 1989 WL 65389, *4 (June 13, 1989) (concluding that an order awarding attorney fees during the pendency of the case did not affect a substantial right because "necessary adjustments can be made by the trial court before final judgment, even if the award be paid.").

{¶6} Even if we reviewed the trial court's order under Section 2505.02(B)(4), we would reach the same conclusion because an order that grants or denies a provisional remedy is not a final order unless "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment[.]" R.C. 2505.02(B)(4)(b). We, therefore, conclude that the trial court's order is not a final order under Section 2505.02(B) and that Husband's attempted appeal must be dismissed.

III.

{¶7} For the above reasons, we conclude that the trial court's order is not final and appealable. Accordingly, we are without jurisdiction to consider the attempted appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

    Costs taxed to Appellant.


JENNIFER HENSAL
FOR THE COURT


MOORE, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶8}    I respectfully dissent as I see the attorney fees awarded in this case more in the nature of a sanction. Wife moved for attorney fees based on Mr. Fetzer's failure to obtain a business evaluation. The trial court granted that motion and ordered Mr. Fetzer to pay the attorney fees before the next hearing. "A sanctions order, such as the one at issue in this case, requires an attorney to satisfy the sanction immediately. If the order is not appealable at that time, the attorney is left in the unenviable position of either satisfying the order, thereby mooting any appeal, or being held in contempt of court for failure to do so." *Dillon v. Big Trees, Inc.*, 9th Dist. Summit No. 23831, 2008-Ohio-3264, ¶ 13. Consequently, as a sanction, the order would be immediately appealable.


APPEARANCES:

ROSANNE K. SHRINER, Attorney at Law, for Appellant.

RENEE J. JACKWOOD, Attorney at Law, for Appellee.