[Cite as *D.L.M. v. D.J.M.*, 2019-Ohio-4574.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| D.L.M., | : | |
| Plaintiff-Appellant, | : | No. 107992 |
| v. | : | |
| D.J.M., | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  November 7, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-16-365074

### *Appearances:*

Stryker Law Ltd., and John M. Stryker, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  D.L.M. ("Mother") appeals the trial court's judgment denying her motion for sanctions without a hearing.  For the reasons that follow, we reverse and remand with instructions that the court hold a hearing on Mother's motion.

## I.  Background

{¶ 2}  Mother and D.J.M. ("Father") were divorced pursuant to a divorce decree entered by the court on July 28, 2017.  The decree noted that the parties had agreed to a shared parenting plan that designated Mother as the residential parent for school purposes and granted Father parenting time with the parties' three-year-old minor daughter three and one-half days per week.

{¶ 3}  On March 27, 2018, Father filed an ex parte emergency motion to convert Mother's parenting time to supervised visitation at a location other than her home.  Father asserted that the child's behavior had changed recently, and that she had become apprehensive about spending time at Mother's residence after Mother moved in with two males unrelated to the child.  Father asserted that he had "tried diligently and in good faith to resolve the issue" with Mother but that Mother "refuse[d] to discuss the issues" with him or "even allow him to meet the males" who were living with her.  Father asserted that the ex parte order was necessary to prevent psychological harm to the child.

{¶ 4}  In his affidavit attached to the motion, Father averred that in February 2018, Mother had moved into a new residence with her boyfriend and that despite Father's request, the boyfriend refused to meet him.  Father also averred that a second man moved into Mother's residence in March 2018, and this man told the child that she should call him "Uncle Sarah."  Father averred that the child's behavior had changed, and that she had developed "new fears," "made allegations

of inappropriate behavior occurring in Mother's household," and "expressed a desire not to return" there.

{¶ 5} That same day, Father also filed a motion to terminate, or in the alternative, to modify the shared parenting plan. Father's affidavit attached to the motion was the same as the affidavit attached to his motion for an ex parte emergency order.

{¶ 6} The next day, the trial court issued an emergency order converting Mother's parenting time to supervised visitation. The court stated that the order would remain in effect until the court held a hearing on Father's motions, or until further order of the court.

{¶ 7} On March 29, 2018, counsel for Mother entered a notice of appearance and filed a motion asking the court to reverse its decision granting Father's ex parte emergency motion and converting Mother's parenting time to supervised visitation at a location other than her home.

{¶ 8} In her motion, which was supported by her affidavit, Mother alleged that as of March 23, 2018, Father had refused to return the child to her — in violation of their shared parenting plan — citing allegations that Mother's male friend who lived with her and her boyfriend had inappropriately touched the child "all over." Mother asserted that on March 23, Father and his mother had taken the child to the Lakewood Police Department, where Detective Berardi investigated the allegation of sexual abuse. In addition, a social worker from the Cuyahoga County

Department of Children and Family Services ("CCDCFS") was assigned to investigate the matter.

{¶ 9} Mother alleged that Father's assertion that she refused to "even discuss" the issues with him before he filed his motion was false. She alleged that she texted Father on March 23 and told him the friend had moved out of her home and had agreed to remain out of the home until the situation was resolved, but that Father still refused to return the child to her. Mother alleged that the child was not returned to her until March 26, 2018, when the paternal grandfather released the child to her after she agreed to keep the child at her mother's home.

{¶ 10} Mother asserted that by the afternoon of March 26, 2018, both Detective Berardi and the CCDCFS social worker had indicated that no wrongdoing had occurred. Mother asserted that despite these conclusions by independent professionals, Father nevertheless filed his ex parte motion, which contained falsehoods, in an effort to circumvent the parenting plan modification process and wrongfully keep the child from her.

{¶ 11} Mother further asserted that Father and his mother had a history of making false allegations of sexual abuse, including accusing Mother's boyfriend of being a child molester merely because he was dating a single mother, and accusing a female babysitter of sexually molesting the child.

{¶ 12} Mother requested an immediate hearing on her motion, but the trial court never ruled on Mother's motion.

{¶ 13} On April 13, 2018, Mother filed a motion to return the child to her care and resume the parties' shared parenting plan. Mother asserted that Father's emergency motion for an ex parte order was based upon false allegations, and further, that Father's attorney knew or should have known prior to filing the motion that Father's claims regarding the alleged sexual abuse of the child and psychological harm were unsupported because the Lakewood Police Department and CCDCFS had determined before the motion was filed that Father's accusations were unfounded. In addition, Mother said she had communicated with Father before he filed his motion on March 27, 2018, and advised him that the accused male had voluntarily left her home. Mother attached a copy of Lakewood Police Detective Berardi's report to her motion. The report, which was dated March 29, 2018, indicated that both the police department and CCDCFS had concluded their investigations and no further action regarding the allegations would be taken.

{¶ 14} The report noted further that during her interview with the CCDCFS social worker, the child indicated that she "knew the names of her private parts" and "never said that anyone touche[d] her there." The report stated that the child "did not disclose any inappropriate touching or behavior," and that she told the social worker she felt safe at both Mother and Father's homes and was not afraid of Mother's male friend or anyone else.

{¶ 15} On April 19, 2018, Mother filed a motion pursuant to Civ.R. 11 and Rule 3.3 of the Ohio Rules of Professional Conduct (Candor Toward the Tribunal) for sanctions against Father and his lawyer. Mother's motion alleged that in his

motion for an ex parte emergency order to convert Mother's shared parenting time to supervised visitation, Father knowingly made untruthful allegations of sexual and psychological abuse of the child. Mother further alleged that the evidence prior to March 27, 2018, when Father filed his motion, indicated that Father's allegations were not true: specifically, that the Lakewood Police Department and CCDCFS had indicated that no wrongdoing had occurred.[1] Mother alleged that Father's counsel either did not consult with the detective or CCDCFS before filing Father's motion, or ignored their findings.

{¶ 16} In addition, Mother asserted that her counsel had written Father's counsel on March 30, 2018, reminding her of her Civ.R. 11 obligations and asking counsel to rescind Father's motion. Mother asserted that her counsel had provided Father's counsel with the social worker and Detective Berardi's report and conclusions, as well as Detective Berardi's contact information, so counsel could verify the information. Mother alleged that Father's counsel never responded to the letter, nor corrected the record to reflect the information supplied to her.

{¶ 17} Mother requested an order of sanctions against both Father and his counsel, reimbursement of all attorney and filing fees incurred by Mother in responding to a court order based upon false accusations presented to the court by Father, and other financial sanctions against Father and his counsel for allowing the

---

[1] The motion alleged that counsel for Mother had called the detective on March 26, 2018, and the detective confirmed with him that no wrongdoing had occurred.

court order to stand notwithstanding their knowledge of the falsity of the allegations upon which the order was based.

{¶ 18} Mother requested an immediate hearing on her motion, but the court did not hold a hearing nor rule on Mother's motion.

{¶ 19} On April 19, 2018, the court entered an agreed judgment entry in which Mother and Father agreed that the court's ex parte order limiting Mother's parenting time to supervised visitation at a location other than her home should be dismissed and that Mother's parenting time with the child would commence immediately, as set forth in the parties' shared parenting agreement. In its entry adopting the agreed judgment entry, the court noted that the agreed entry resolved Father's motion for an ex parte emergency order and Mother's motion to resume the shared parenting plan and return the child to her care.

{¶ 20} On May 16, 2018, Mother filed a motion to terminate shared custody and for sole custody of the child. The court subsequently appointed a guardian ad litem for the child, and referred the parties to the court's family evaluation services department for evaluation.

{¶ 21} On November 7, 2018, the court entered an agreed judgment entry pursuant to Mother and Father's new shared parenting plan. The plan stated that "based on the findings of the Lakewood Police Department and CCDCFS investigation, Father no longer believes that sexual abuse of the child occurred while in care of Mother." The plan further provided that "should Father (or representative thereof) make an allegation of sexual abuse of the child that is found to be

unsubstantiated by the appropriate child protective services department," Father's parenting time would be immediately suspended and the shared parenting plan would terminate "in favor of Mother." The plan further provided that Mother would be the residential parent, and Father would have parenting time with the child every week from Thursday at 10 a.m. until Saturday at 10 a.m.

{¶ 22} On November 19, 2018, the trial court ruled on Mother's motion for sanctions. In its judgment entry, the trial court first noted that the parties had resolved all other pending motions in an agreed judgment entry that was journalized on November 7, 2018. The court then ruled that "[p]laintiff's motion for sanctions, Motion #410833, is without merit and therefore denied."

{¶ 23} Mother appealed the trial court's ruling on her motion for sanctions. She subsequently submitted to the trial court a motion to approve her App.R. 9(C) statement of facts. The court instead issued a judgment entry setting forth an approved App.R. 9(C) statement of facts. With respect to Mother's motion for sanctions, the trial court's entry stated, "As the substantive motions were resolved by agreement of the parties, Plaintiff's Motion for Sanctions was moot and therefore denied in a Judgment Entry journalized on November 19, 2018."[2]

---

[2] We note that the App.R. 9(C) Statement of Evidence/Proceedings attached to the trial court's judgment entry and incorporated into its judgment entry is incomplete because it does not include Mother's motion filed March 29, 2018, in which Mother moved the court to reverse its decision granting Father's ex parte emergency motion and converting Mother's parenting time to supervised visitation.

## II. Law and Analysis

{¶ 24} In her first assignment of error, Mother contends that the trial court erred in denying her motion for sanctions as "without merit" without conducting a hearing, and in subsequently concluding that her motion was properly denied as "moot." We agree.

{¶ 25} First, the trial court erred as a matter of law in concluding that Mother's motion for sanctions was moot because the underlying issues had been resolved. "A motion for sanctions under Rule 11 of the Ohio Rules of Civil Procedure creates a proceeding ancillary to and independent of the underlying case." *Dillon v. Big Trees, Inc.*, 9th Dist. Summit No. 23831, 2008-Ohio-3264, ¶ 10. Civ.R. 11 sanctions are collateral to the underlying matter, and a court may consider such sanctions after an action is no longer pending. *Lewis v. Celina Fin. Corp.*, 101 Ohio App.3d 464, 469, 655 N.E.2d 1333 (3d Dist.1995), citing *Indus. Risk Insurers v. Lorenz Equip.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994).

{¶ 26} Here, Father and Mother's agreed parenting plan and the resulting agreed judgment entry of November 7, 2018, did not resolve Mother's motion for sanctions. That motion remained pending even after Father's motion to terminate or modify the shared parenting plan and Mother's motion to terminate shared custody and for sole custody of the child were resolved. Accordingly, the trial court erred in finding that the motion was rendered moot because the parties had resolved their other issues.

{¶ 27} The trial court also erred in denying Mother's motion for sanctions without a hearing. Civ.R. 11 governs the signing of pleadings, motions, and other documents and provides in pertinent part:

> The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶ 28} The purpose of Civ.R. 11 is to deter pleading and motion abuses, and assure the court that the pleading or motion was filed in good faith with sufficient grounds to support it. *Dillon*, 2008-Ohio-3264, at ¶ 7. An attorney or pro se party who willfully violates the rule may be sanctioned by the court. Staff Notes to Civ.R. 11. Such sanctions may include an order to reimburse expenses, including attorney fees.[3]

{¶ 29} "A trial court's decision to deny Civ.R. 11 sanctions can be reversed only if the trial court abused its discretion." *Fitworks Holdings, L.L.C. v. Pitchford-*

---

[3] Mother's motion sought sanctions against both Father and his counsel. Civ.R. 11 only authorizes sanctions against the attorney, not the client. *David v. Kaiser*, 6th Dist. Lucas No. L-03-1315, 2004-Ohio-3149, ¶ 5. R.C. 2323.51, regarding frivolous conduct in civil actions, provides for an award of sanctions against a party, the party's counsel of record, or both. R.C. 2323.51(B)(4). Although Mother makes reference to R.C. 2323.51 on appeal, she did not bring her motion for sanctions pursuant to R.C. 2323.51 nor make any argument regarding the statute in her motion. Nevertheless, under R.C. 2323.51(B)(2), a trial court may, on its own initiative, award court costs, attorney fees, and other expenses to any party who was adversely affected by frivolous conduct.

*El*, 8th Dist. Cuyahoga No. 88634, 2007-Ohio-2517, ¶ 13, citing *State ex rel. Fant v. Sykes*, 29 Ohio St.3d 65, 505 N.E.2d 966 (1987).

**{¶ 30}** This court has noted that there is no specific requirement in Civ.R. 11 that a hearing be held before determining the motion. *Fitworks* at ¶ 14, citing *Capps v. Milhem*, 10th Dist. Franklin No. 08AP-251, 2003-Ohio-5212. Therefore, a trial court's denial of a hearing on a motion for sanctions brought pursuant to Civ.R. 11 is reviewed to determine whether there exists an arguable basis for sanctions. *Fitworks* at *id.* "If an arguable basis exists for an award of sanctions, then the trial court must hold a hearing on the issue." *Id. See also Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 31 (trial court abuses its discretion by denying a motion for sanctions without a hearing if an arguable basis exists for an award of sanctions).

**{¶ 31}** In light of the record before us, we find that the trial court should have held a hearing on Mother's motion for sanctions. Although we offer no comment on the ultimate issue of whether Mother is entitled to an award of attorney fees and expenses, there is evidence in the record that, at a minimum, gives credence to the appropriateness of Mother's filing of her motion for sanctions. Thus, because there was an "arguable basis" for an award of sanctions, the trial court erred in denying the motion without a hearing. The first assignment of error is sustained, and the matter is remanded with instructions that the trial court hold a hearing on Mother's motion.

{¶ 32} In her second assignment of error, Mother asserts that the trial court erred in denying her motion because it was supported by the manifest weight of the evidence.  In light of our resolution of the first assignment of error, this assignment of error is moot and we need not consider it.  App.R. 12(A)(1)(c).

{¶ 33} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR