[Cite as *Dietrich v. Core*, 2023-Ohio-1463.]

STATE OF OHIO      )
                     )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

HALEY DIETRICH

and

ELIZABETH A. DOBBINS

    Appellants

    v.

DANIEL A. CORE

and

CANVAS COWORKING + POPUP, LLC

    Appellees

C.A. Nos.    30349
                  30528

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CV-2019-04-1543
              CV-2021-11-3556

DECISION AND JOURNAL ENTRY

Dated: May 3, 2023

SUTTON, Presiding Judge.

**{¶1}** Appellants, Haley Dietrich and Elizabeth Dobbins, appeal from two decisions of the Summit County Court of Common Pleas. In Appeal No. 30349 ("the Sanctions Appeal"), they appeal from a decision striking a motion filed by Ms. Dietrich and sanctioning her attorney of record, Ms. Dobbins. In Appeal No. 30528 ("the Arbitration Appeal"), they appeal from a decision staying the matter and compelling arbitration. This Court affirms in part, reverses in part, and remands the cause for further proceedings.

I.

{¶2}    Ms. Dietrich signed a coworking space agreement with Canvas Coworking + Popup, LLC ("Canvas Coworking").  She agreed to pay $6,050 to Canvas Coworking in exchange for certain membership services, including access to a communal workspace during the week.  The agreement was effective for one year, commencing July 1, 2021.  Appellee, Daniel Core, owns Canvas Coworking and signed the coworking space agreement as its representative.  The agreement contained a mandatory arbitration clause.

{¶3}    On November 9, 2021, Ms. Dietrich filed a complaint against Mr. Core and Canvas Coworking.  Her complaint alleged claims for breach of contract, fraud, and piercing the corporate veil.  After several failed attempts to serve Mr. Core and Canvas Coworking, Ms. Dietrich attempted service by certificate of mailing.  There is no dispute she perfected service upon Mr. Core on April 1, 2022.  She was unable to perfect service upon Canvas Coworking until May 11, 2022.

{¶4}    On April 22, 2022, Mr. Core and Canvas Coworking filed a motion to stay the proceedings.[1]  Citing the arbitration clause contained in the coworking space agreement, they asked the trial court to compel arbitration.  Ms. Dietrich responded in opposition to their motion on May 6, 2022.  She argued the arbitration clause was unenforceable because it was procedurally and substantively unconscionable.

{¶5}    The same day Ms. Dietrich filed her response in opposition to the motion to stay, she also filed a motion for default judgment against Mr. Core.  Ms. Dietrich sought a default judgment because Mr. Core had yet to file an answer to her complaint.  Mr. Core and Canvas

---

[1] That same day, two attorneys filed a notice of appearance on behalf of Mr. Core and Canvas Coworking.

Coworking moved to strike both Ms. Dietrich's motion for default judgment and her response to their motion to stay the proceedings and compel arbitration. They argued both filings contained material misrepresentations and omissions designed to mislead the court. Citing Civ.R. 11 and R.C. 2323.51, they asked the trial court to sanction Ms. Dietrich and her attorney, Ms. Dobbins. Ms. Dietrich filed a response in opposition.

{¶6} The trial court found Ms. Dietrich lacked a basis to seek a default judgment against Mr. Core because the motion to stay he filed on April 22, 2022, tolled his responsive filing deadline. The trial court ordered Ms. Dietrich's motion for default judgment stricken from the record. It also found sanctions were warranted regarding the filing of that motion. The court ordered Ms. Dobbins to pay $150 to Mr. Core and Canvas Coworking within thirty days of its order. It later agreed to stay its order so Ms. Dietrich and Ms. Dobbins might appeal. Ms. Dietrich and Ms. Dobbins have appealed from the trial court's order in the Sanctions Appeal.

{¶7} Regarding Mr. Core and Canvas Coworking's motion to stay the matter and compel arbitration, the trial court ordered the parties to brief that issue. Both parties filed briefs in response to the court's order. Upon review, the trial court found Ms. Dietrich's claims fell within the scope of the arbitration clause. The court further found the arbitration clause was neither procedurally, nor substantively unconscionable. The trial court granted the motion to stay the proceedings and ordered Ms. Dietrich to submit her claims to arbitration within thirty days. It later agreed to stay its order so Ms. Dietrich might appeal. Ms. Dietrich and Ms. Dobbins have appealed from the trial court's order in the Arbitration Appeal.

{¶8} Upon motion, this Court agreed to consolidate the Sanctions Appeal and the Arbitration Appeal for purposes of oral argument and decision. Collectively, the two appeals

contain five assignments of error. To facilitate our review, we consolidate several of the assignments of error.

II.

**THE SANCTIONS APPEAL ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING PRIOR TO AWARDING SANCTIONS OF ATTORNEY'S FEES.

{¶9} In their first assignment of error, Ms. Dietrich and Ms. Dobbins argue the trial court erred when it awarded sanctions to Mr. Core and Canvas Coworking without first holding a hearing. We agree.

{¶10} "R.C. 2323.51 and Civ.R. 11 both address the filing of frivolous claims." *In re Guardianship of Bakhtiar*, 9th Dist. Lorain Nos. 16CA011036, 16CA011038, 2018-Ohio-1764, ¶ 17. The statute and rule differ in that the statute employs an objective test for frivolous conduct while the rule employs a subjective one. *Kozar v. Bio-Medical Applications of Ohio, Inc.*, 9th Dist. Summit No. 21949, 2004-Ohio-4963, ¶ 16. "R.C. 2323.51 also has a broader reach than Civ.R. 11, as it permits a court to impose sanctions 'against a party, the party's counsel of record, or both.'" *P.N. Gilcrest Ltd. Partnership v. Doylestown Family Practice, Inc.*, 9th Dist. No. 10CA0035, 2011-Ohio-2990, ¶ 32, quoting R.C. 2323.51(B)(4). *Compare* Civ.R. 11 (allowing court to impose sanctions only against the filing attorney or pro se party). Under either the statute or the rule, however, "[a] trial court must hold a hearing before granting a motion for sanctions." (Emphasis omitted.) *Harold Pollock Co., L.P.A. v. Bishop*, 9th Dist. Lorain No. 12CA010233, 2014-Ohio-1132, ¶ 20. R.C. 2323.51 explicitly requires a hearing be held "to determine whether particular conduct was frivolous, * * * whether any party was adversely affected by it, and * * *, if an award is to be made, the amount of that award * * *." R.C. 2323.51(B)(2)(a). Civ.R. 11's evidentiary hearing requirement stems from case law interpreting the rule. *See State ex rel. Ebbing*

*v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 24-25. "The only way a court is excused from [holding a hearing] is if it finds no basis whatsoever for the imposition of sanctions." *DeCarlo v. Estate of Maxwell*, 9th Dist. Summit No. 22977, 2006-Ohio-3116, ¶ 6.

{¶11} Mr. Core and Canvas Coworking moved for sanctions against Ms. Dietrich and Ms. Dobbins based on Civ.R. 11 and R.C. 2323.51. The trial court granted their motion a few weeks later. The trial court imposed a sanction of $150 upon Ms. Dobbins, "representing reasonable attorney fees incurred to respond to the Motion for Default Judgment." In doing so, the trial court failed to hold a hearing.

{¶12} The trial court neglected to specify whether it was imposing sanctions upon Ms. Dobbins pursuant to Civ.R. 11 or R.C. 2323.51. Regardless of which provision the trial court applied, however, it was required to hold a hearing before imposing sanctions. *See Harold Pollock Co., L.P.A.* at ¶ 20; *DeCarlo* at ¶ 6. Mr. Core and Canvas Coworking concede the trial court failed to comply with that requirement. Upon review, the trial court's decision in the Sanctions Appeal must be reversed, and the matter must be remanded for an evidentiary hearing on the motion for sanctions. *See State ex rel. Ebbing* at ¶ 24-25. Ms. Dietrich and Ms. Dobbins' first assignment of error in the Sanctions Appeal is sustained on that basis.

## THE SANCTIONS APPEAL ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AWARDING SANCTIONS OF ATTORNEY'S FEES BECAUSE THE RECORD LACKS THAT APPELLANTS' MOTION FOR DEFAULT JUDGMENT WAS A WILLFUL VIOLATION OF CIV.R. 11 AND/OR THE MOTION WAS SANCTIONABLE FRIVOLOUS CONDUCT UNDER R.C. 2323.51.

{¶13} In their second assignment of error, Ms. Dietrich and Ms. Dobbins argue the trial court erred in awarding sanctions because there was no evidence of a willful violation of Civ.R. 11 and/or frivolous conduct under R.C. 2323.51. This Court has already determined the trial

court's sanction order must be reversed and the matter must be remanded for an evidentiary hearing on the issue of sanctions. In light of that determination, the second assignment of error in the Sanctions Appeal is premature and we decline to address it.

### THE SANCTIONS APPEAL ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED AS A MATTER OF LAW DETERMINING THAT A MOTION TO STAY UNDER R.C. 2711.02 "EFFECTIVELY TOLLED" THE ANSWER REQUIREMENT OF 28 DAYS AS SET FORTH IN CIV.R. 12.

{¶14} In their third assignment of error, Ms. Dietrich and Ms. Dobbins argue the trial court committed a legal error when it found a motion to stay and compel arbitration tolled Mr. Core's responsive pleading deadline. Because their third assignment of error constitutes an attempt to appeal a non-final aspect of the trial court's sanction order, this Court overrules it.

{¶15} "This Court's jurisdiction is limited to reviewing final judgments and final, appealable orders." *Robinholt v. Wilson*, 9th Dist. Lorain No. 21CA011782, 2023-Ohio-248, ¶ 19. "An order is final only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54." *UBS Financial Servs. Inc. v. Lacava*, 9th Dist. Summit No. 28147, 2017-Ohio-7916, ¶ 6. This Court lacks jurisdiction to consider issues or rulings that fall outside the scope of our limited jurisdiction in appeals from final orders. *See, e.g., Franciscus, Inc. v. Balunkek*, 9th Dist. Lorain No. 13CA010433, 2014-Ohio-4350, ¶ 7; *Interstate Properties v. Prasanna, Inc.*, 9th Dist. Summit Nos. 22734, 22757, 2006-Ohio-2686, ¶ 14-16.

{¶16} The Sanctions Appeal stems from an order the trial court issued on May 29, 2022. The trial court issued that order to address (1) a motion for default judgment filed by Ms. Dietrich and Ms. Dobbins, (2) a motion to strike filed by Mr. Core and Canvas Coworking, and (3) a request for sanctions against Ms. Dietrich and Ms. Dobbins. The trial court granted the motion to strike because it found Ms. Dietrich and Ms. Dobbins had no basis to seek a default judgment against

Mr. Core. Specifically, the court found Mr. Core's motion to stay the matter and compel arbitration "effectively tolled" his responsive filing deadline as a matter of law. Ms. Dietrich and Ms. Dobbins seek to challenge that legal conclusion. Yet, that aspect of the trial court's ruling is distinct from its decision to award sanctions against Ms. Dietrich and Ms. Dobbins.

{¶17} This Court has jurisdiction to review the trial court's order awarding sanctions because it is final and appealable under R.C. 2505.02(B)(4). *Dillon v. Big Trees, Inc.*, 9th Dist. Summit No. 23831, 2008-Ohio-3264, ¶ 14. "A proceeding for sanctions is ancillary to the actions before the trial court." *White v. Aztec Catalyst Co.*, 9th Dist. Lorain No. 00CA007589, 2000 WL 1636023, *2 (Nov. 1, 2000). The same cannot be said about the trial court's decision to strike Ms. Dietrich and Ms. Dobbins' motion for default judgment and the rationale it employed in reaching that decision. The court's ruling on the motion to strike does not independently satisfy any of the grounds set forth in R.C. 2505.02. Because that aspect of the trial court's order falls outside the scope of the Sanctions Appeal, this Court lacks jurisdiction to address it. Accordingly, the third assignment of error in the Sanctions Appeal is overruled.

## THE ARBITRATION APPEAL ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW GRANTING APPELLEES' MOTION TO STAY PROCEEDING AND REFER MATTER TO MANDATORY ARBITRATION BECAUSE APPELLEES WERE IN DEFAULT IN PROCEEDING WITH ARBITRATION UNDER THE OHIO RULES OF CIVIL PROCEDURE AND R.C. 2711.02(B) PRIOR TO THE TRIAL COURT'S REFERRAL OF THE ACTION TO ARBITRATION.

{¶18} In their second assignment of error, Ms. Dietrich and Ms. Dobbins argue the trial court erred by staying this matter and compelling arbitration because, as a matter of law and pursuant to the Ohio Rules of Civil Procedure, Mr. Core and Canvas Coworking were in default for failing to file an answer or other responsive pleading in conjunction with their motion to stay and compel arbitration. For the following reasons, we reject their argument.

**{¶19}** This Court reviews questions of law de novo. *McCormick v. McCormick*, 9th Dist. Summit No. 30182, 2022-Ohio-3543, ¶ 7. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

**{¶20}** Civ.R. 12(A)(1) requires a defendant to answer a complaint "within twenty-eight days after service of the summons and complaint upon him * * *." "A party who fails to file a timely pleading in response to an affirmative pleading runs the risk of having a default judgment entered against them." *Helms v. Stegeman*, 9th Dist. Summit No. 27995, 2016-Ohio-5118, ¶ 9. If a party seeks to invoke an arbitration provision, the party may move the court to "stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02(B).

**{¶21}** Ms. Dietrich and Ms. Dobbins argue the trial court erred when it granted Mr. Core and Canvas Coworking's motion to stay the matter and compel arbitration because Mr. Core and Canvas Coworking never responded to their complaint by filing an answer or responsive pleading. According to Ms. Dietrich and Ms. Dobbins, Mr. Core and Canvas Coworking were required to pair their motion to stay with a timely-filed answer or other recognized responsive pleading. Because they did not do so, Ms. Dietrich and Ms. Dobbins argue, Mr. Core and Canvas Coworking were in default and not entitled to relief on their motion.

**{¶22}** Initially, this Court questions whether Ms. Dobbins has standing to act as an appellant in the Arbitration Appeal. *See In re S.S.*, 9th Dist. Wayne No. 21AP0022, 2023-Ohio-245, ¶ 5 (appellate court may raise question of standing sua sponte). "'[T]o have standing to allege error, * * * a party must assert its own rights rather than the rights of a third party.'" *Bayview Loan Servicing, LLC v. Big Blue Capital Partners, LLC*, 9th Dist. Summit No. 27790, 2016-Ohio-

3433, ¶ 20, quoting *State v. Smith*, 9th Dist. Summit No. 26159, 2012-Ohio-4436, ¶ 18.  It is unclear how Ms. Dobbins has been aggrieved by the trial court's ruling that Ms. Dietrich's claims against Mr. Core and Canvas Coworking are subject to mandatory arbitration.  Even assuming without deciding that Ms. Dobbins has standing to appeal alongside Ms. Dietrich in the Arbitration Appeal, however, the record reflects their argument lacks merit.

{¶23}  Three weeks after being served with the complaint in this matter, Mr. Core filed a motion to stay the proceedings and compel arbitration.  Canvas Coworking joined in that motion even though it had not yet been served with the complaint.

> Civ.R. 12(A)(2) suspends the time for serving an answer when the answering party files a motion under the rule.  * * * [Mr. Core and Canvas Coworking's] motion effectively asserted that [Ms. Dietrich's] complaint failed to state a claim upon which relief could be granted.  Affirmative defenses, such as arbitration (Civ.R. 8[C]), may be raised by way of a motion to dismiss. * * * [U]ntil such time as the court [ruled] on the stay the time for answering the complaint was suspended.

*Mylechraine v. Forest City Enterprises, Inc.*, 9th Dist. Lorain No. 4054, 1987 WL 5570, *2 (Jan. 21, 1987).  Thus, Mr. Core and Canvas Coworking were not in default when the trial court ruled on their motion to stay and compel arbitration.  *Id.  Compare Dan Eynon Enterprises v. Mid-America Diesel*, 12th Dist. Butler No. CA2014-06-140, 2015-Ohio-1089 (default judgment upheld where defendant never filed answer or responsive pleading and filed stay for arbitration beyond twenty-eight-day deadline and after plaintiff sought default judgment).  Ms. Dietrich and Ms. Dobbins' argument to the contrary lacks merit.  The second assignment of error in the Arbitration Appeal is overruled.

## THE ARBITRATION APPEAL ASSIGNMENT OF ERROR I

THE TRIAL COURT'S FAILURE TO APPLY THE FULL SCOPE OF THE CIVIL RULES PERTAINING TO A CASE INITIATED AS A CIVIL ACTION AND NOT BROUGHT AS A STATUTORY PROCEEDING PRIOR TO THE TRIAL COURT'S REFERRAL OF THE ACTION TO ARBITRATION WAS ERROR AS A MATTER OF LAW.

**{¶24}** In their first assignment of error, Ms. Dietrich and Ms. Dobbins argue the trial court erred as a matter of law by failing to adhere to the Ohio Rules of Civil Procedure. Once again, they argue Mr. Core and Canvas Coworking were in default for failing to file an answer or other responsive pleading within twenty-eight days of being served with Ms. Dietrich's complaint. According to Ms. Dietrich and Ms. Dobbins, the trial court ignored mandatory provisions of the Civil Rules when it referred the matter to arbitration.

**{¶25}** This Court already has determined Mr. Core and Canvas Coworking were not in default when the trial court ruled on their motion to stay and compel arbitration. *See* Discussion of Second Assignment of Error in the Arbitration Appeal, *supra*. Their motion to stay effectively operated as a motion to dismiss and, under Civ.R. 12(A)(2), triggered a suspension of their twenty-eight-day filing deadline. *See Mylechraine*, 1987 WL 5570, at *2. Based on that conclusion, we reject Ms. Dietrich and Ms. Dobbins' argument that the trial court failed to adhere to the Ohio Rules of Civil Procedure. The first assignment of error in the Arbitration Appeal is overruled.

III.

**{¶26}** Regarding the Sanctions Appeal, the first assignment of error is sustained, the second assignment of error is moot, and the third assignment of error is overruled. Regarding the Arbitration Appeal, the assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to all parties.


BETTY SUTTON
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

BRADLEY S. LE BOEUF, Attorney at Law, for Appellants.

ADAM M. RUNKLE and MEGAN E. CHEZOSKY, Attorneys at Law, for Appellees.