[Cite as *Reich v. Manifold Cloud Servs., Ltd.*, 2025-Ohio-1049.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PATRICK REICH

     Appellee

     v.

MANIFOLD CLOUD SERVICES, LTD., et al.

     Appellants

C.A. No.     31222

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2022-03-0972

DECISION AND JOURNAL ENTRY

Dated: March 26, 2025

SUTTON, Judge.

{¶1}   Appellants, Manifold Cloud Services, LTD ("Manifold"), TruBlu Labs, LLC ("TruBlu"), William Steiger, and James Bergman appeal the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**Relevant Background**

{¶2}   This appeal arises from a complaint filed by Appellee, Patrick Reich, against Appellants alleging breach of contract, breach of fiduciary duty, and civil conspiracy. Mr. Reich is a one-fifth member of Manifold and TruBlu, along with Mr. Steiger, Mr. Bergman, and two other individuals who are not named in the complaint. Appellants responded with an answer and an amended answer to the complaint and the parties exchanged discovery. Mr. Reich then filed a motion to appoint a receiver and Appellants responded with a brief in opposition and a supplemental filing. In the supplemental filing, Appellants argued Mr. Reich was in violation of

the operating agreements of both Manifold and TruBlu by seeking to institute a receivership without a unanimous vote of approval from all members. Mr. Reich also filed a responsive brief in support of his motion wherein he denied a violation of the operating agreements. Mr. Reich, however, argued he did not need a vote of approval from all members because he was seeking the receivership for himself, not the companies.

{¶3} A hearing was held on the motion to appoint a receiver whereupon testimony and evidence was presented. Prior to the trial court's ruling, however, Mr. Reich withdrew his motion. Mr. Reich indicated he was withdrawing his motion "in good faith" without conceding Appellants' arguments opposing the motion.

{¶4} Additionally, in preparation for a jury trial scheduled on March 25, 2024, the parties filed multiple motions in limine, proposed jury instructions and proposed jury interrogatories, trial briefs, exhibit lists, and witness lists. On February 6, 2024, Mr. Reich dismissed his complaint without prejudice.

{¶5} Appellants filed a motion for sanctions, pursuant to R.C. 2323.51 and Civ.R. 11, seeking attorney fees, court costs, litigation expenses, and other damages. In so doing, Appellants argued the operating agreements for Manifold and TruBlu, which were attached to the complaint, show willful violations to Civ.R. 11. Specifically, Appellants claimed Mr. Reich and his counsel ignored the parameters of these operating agreements in claiming breach of contract based upon the proposition that Mr. Reich was entitled to guaranteed employment and health insurance. Appellants also argued Mr. Riech resigned from his employment in an email, which is inapposite to a claim for breach of contract. Additionally, Appellants argued the operating agreements squarely address that a unanimous vote of all members is required to have a receiver appointed and Mr. Reich admitted so during the evidentiary hearing on this issue. Moreover, Appellants

contend Mr. Reich's claim for civil conspiracy against two co-members of Manifold and TruBlu ignore the intra-corporate conspiracy doctrine "which by its nature prevents a party from recovering on a civil conspiracy claim in exactly these circumstances[.]" Lastly, Appellants allege that Mr. Reich and his counsel have engaged in frivolous conduct, obstructionist conduct, and bad faith negotiations throughout this action.

{¶6} Mr. Reich opposed the motion for sanctions and filed a request to remotely attend a hearing on the motion, if any. In opposing the motion, Mr. Reich argued the trial court did not find any of the factual allegations against Appellants to be "objectively false," and his case was not frivolous because it had "more than enough substance to go to a jury, where any reasonable lawyer could argue it." Further, Mr. Reich indicated Appellants did not seek dismissal or summary judgment in order to eliminate any frivolous claims. Mr. Reich also urged the trial court to deny the motion for sanctions without a hearing. Appellants opposed Mr. Reich's request to remotely attend a hearing, and argued the trial court must hold a hearing because the motion, on its face, does not reveal the lack of a triable issue and the motion has arguable merit.

{¶7} The trial court denied Appellants' motion for sanctions, without a hearing, stating, in relevant part:

> In the case at bar, the [c]ourt does not find [Mr. Reich's] pleadings against [Appellants]: 1) was filed without counsel reading it; 2) lacked good grounds to support it to the best of his knowledge, information, and belief, and; 3) was filed with a purpose to delay the proceedings. Civ.R. 11. Additionally[,] the [c]ourt does not find that no reasonable lawyer would have brought the action in light of existing law, or, that [Mr. Reich's] conduct was frivolous as defined by the statute. The [c]ourt does not find [Mr. Reich] filing suit under different legal theories against [Appellants], who each have a one-fifth interest in Manifold and [TruBlu], for allegedly taking unfavorable actions against [Mr. Reich]: was to obviously serve to harass or maliciously injure [Appellants] or for another improper purpose; was not warranted under existing law; the conduct lacks or was not likely to have evidentiary support, and; the factual contentions are not warranted by the evidence. The [c]ourt does not find [Mr. Reich] engaged in bad faith, malicious, unreasonable, or frivolous conduct. The pleadings reveal [Mr. Reich] and

[Appellants] zealously pursued and defended the litigation, but did not overzealously do so.

{¶8}    Appellants filed a timely appeal raising two assignments of error for our review. We address Appellants' assignments of error together to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING [APPELLANTS'] MOTION FOR SANCTIONS, ATTORNEY FEES, COURT COSTS AND OTHER DAMAGES PURSUANT TO R.C. 2323.51.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN  DENYING [APPELLANTS'] MOTION FOR SANCTIONS PURSUANT TO CIV.R. 11.

{¶9}    In their first assignment of error, Appellants argue the trial court erred in denying their motion for sanctions, pursuant to R.C. 2323.51, without holding an evidentiary hearing. Additionally, in their second assignment of error, Appellants contend the trial court erred in denying their motion for sanctions pursuant to Civ.R. 11.

{¶10}   "R.C. 2323.51 and Civ.R. 11 both address the filing of frivolous claims." *Dietrich v. Core*, 2023-Ohio-1463, ¶ 10 (9th Dist.), quoting *In re Guardianship of Bakhtiar*, 2018-Ohio-1764, ¶ 17 (9th Dist.). "The statute and rule differ in that the statute employs an objective test for frivolous conduct while the rule employs a subjective one." *Dietrich* at ¶ 10, citing  *Kozar v. Bio-Medical Applications of Ohio, Inc.*, 2004-Ohio-4963, ¶ 16 (9th Dist.).

{¶11}   R.C. 2323.51(B)(4) permits an award of reasonable attorney's fees for frivolous conduct against a party to a civil action. Conduct is "frivolous" within the meaning of the statute when:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation[;]

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law[;]

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[;][or]

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a)

{¶12} "R.C. 2323.51 does not purport to punish a party for failing on a claim. Rather, it addresses conduct that serves to harass or maliciously injure the opposing party in a civil action or is unwarranted under existing law and for which no good-faith argument for extension, modification, or reversal of existing law may be maintained." *Harold Pollock Co., L.P.A. v. Bishop*, 2014-Ohio-1132, ¶ 19 (9th Dist.), quoting *Indep. Taxicab Assn. of Columbus, Inc. v. Abate*, 2008-Ohio-4070, ¶ 22 (10th Dist.).

{¶13} Civ.R. 11 states, in relevant part:

Every pleading, motion, or other document of a party represented by an attorney shall be signed, by electronic signature or by hand, by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, facsimile number, if any, and business e-mail address, if any, shall be stated. . . . The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable

attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.

**{¶14}** "R.C. 2323.51 does not expressly require a hearing before a court may deny a motion for attorney fees, and it has been held that a court need not conduct a hearing before denying the motion where the motion does not demonstrate *arguable merit*." (Empasis added.) *Harold Pollock Co., L.P.A.* at ¶ 20, quoting *Servpro v. Kinney*, 2010-Ohio-3494, ¶ 17 (9th Dist.), citing *Donaldson v. Todd*, 2007-Ohio-6504, ¶ 9 (10th Dist.). "The trial court should examine the motion to determine whether it warrants an evidentiary hearing, and where the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing." *Harold Pollock Co., L.P.A.* at ¶ 20, citing *Ohio Power Co. v. Ogle*, 2013-Ohio-1745, ¶ 33 (4th Dist.). "The determinative factor is whether the motion for sanctions demonstrates the absence of a triable issue on its face." *Harold Pollock Co., L.P.A.* at ¶ 20, citing *Donaldson* at ¶ 9, citing *Cortext Ltd. v. Pride Media Ltd.*, 2003-Ohio-5760, ¶ 13 (10th Dist.). *See also Lakeview Holding (OH), L.L.C. v. Haddad*, 2013-Ohio-1796, ¶ 14 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 31 (8th Dist.) ("This court has held that a trial court abuses its discretion by denying a motion for sanctions without a hearing if either the "record clearly evidences frivolous conduct" or "an arguable basis exists for an award of sanctions."). An "abuse of discretion" connotes that the trial court's decision was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶15}** "Similarly, if an arguable basis exists for an award of sanctions under Civ.R. 11, a trial court must hold a hearing on the motion." *Bikkani* at ¶ 31, citing *Fitworks Holdings, L.L.C. v. Pitchford*, 2007-Ohio-2517, ¶ 14 (8th Dist.).

**{¶16}** Based upon this record, we cannot say the trial court abused its discretion in denying Appellants' motion for sanctions, pursuant to R.C. 2323.51 and Civ.R. 11, without a

hearing. The record demonstrates that Mr. Reich, with counsel, filed a lawsuit based upon his alleged theories of the case- that he, as a member of both companies and an employee of Manifold, was entitled to maintain his salary and insurance, among other benefits of membership in Manifold and TruBlu, while he searched for new employment. As part of his theory of the case, Mr. Reich maintained throughout the litigation that he did not resign his employment and he contended that the email relied upon by Appellants for that proposition did not support their defense. Further, although we acknowledge Mr. Reich's withdrawal of his motion to appoint a receiver post-hearing was unusually timed, it remained within his prerogative to do so. Again, as to the motion to appoint a receiver, both Mr. Reich and Appellants had differing arguments regarding whether, under the language of the companies' operating agreements, Mr. Reich could seek a receivership on his own behalf without a full vote of the members. In this case, there was no clear evidence of frivolous conduct pursuant to R.C. 2323.51 or Civ.R. 11 violations in this record. As such, there were no triable issues on the face of Appellants' motion for sanctions. Therefore, the trial court did not abuse its discretion in denying Appellants' motion for sanctions without a hearing. *See Lakeview Holding (OH)* at ¶ 14.

{¶17} Accordingly, Appellants' first and second assignments of error are overruled.

III.

{¶18} For the reasons stated above, Appellants' first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETTY SUTTON
FOR THE COURT


FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

TODD A. MAZZOLA, WILLIAM G. CHRIS, TIMOTHY J. TRUBY, and SUSAN K. STEINHAUER, Attorneys at Law, for Appellants.

JAMES P. LANGENDORF, Attorney at Law, for Appellee.